Mr. Chief Justice Sharkey
delivered the opinion of the court.
The defendant in error brought ejectment for land, which he had purchased at sheriff’s sale. To prove title in himself, he introduced the judgment, the execution, and the sheriff’s deed.
The first objection is, that the judgment alone, and not the whole record, was introduced. In support of this objection, the case of Lehr v. Hall et al., 5 How. 54, is relied on. That was not an action of ejectment, but an action of debt against an administrator for a devastavit. The judgment was evidently regarded as constituting the foundation of the action. But the judgment was relied on to prove a devastavit, and it was important to show what was in issue.
The precise point now under consideration was raised in Starke v. Gildart & Morris, 4 How. 267. The decree alone was introduced, without the bill and answer, and this was held sufficient. And in Carson v. Huntington, 6 S. & M. 111, we held, that “ a copy of the judgment and of the venditioni exponas emanating from that judgment, constitute all that is necessary.” That too was an action of ejectment. See also 5 Yerg. 225; 4 Wash. C. C. R. 624, 625.
It is to be remarked, moreover, that this judgment was offered in this court when it was rendered, and in many instances it has been held that the same strictness in proving judgments is not'necessary in such cases. The whole record is open to either *123 party on the trial. The judgment is prima facie valid. If it were void, it could have been easily shown to have been so by the other party.
It is also insisted, that the execution was void, because it issued on the original judgment after a forthcoming bond had been forfeited. This objection is not sustained by the facts disclosed by the record. A levy was made on the land under the execution which issued on the bond, but the sale was suspended under the valuation, law. A venditioni exponas afterwards issued, under which the sheriff sold. This is the only process set out. The due issuance of the preceding executions was admitted by the parties. The venditioni exponas does not seem to be defective, but even if it were irregular, and liable to be quashed, such irregularity does not affect the purchaser under it. Mere irregularities, either in the judgment or execution, present no obstacles in the way of the purchaser; they cannot be collaterally inquired into.
The foregoing remarks apply also to the second judgment introduced. It does not appear whether these judgments were read from the record books, or whether mere copies were introduced. When transcripts only are introduced, they must of course be accompanied by the proper certificate, and this may have been the case, as no objection is made on this ground.
But this further question is raised: to prove title in the defendant in execution, a certificate of the register of the land officer at Columbus was introduced, in which he certifies that William •Cockerel had purchased and paid for part of the land in question, ás appeared by the books of his office, and that a patent was then in the office in the name of Jefferson Clements as assignee of Cockerel.
The statute provides that certificates issued by the register, in pursuance of any act of Congress, shall be taken and received as vesting legal title, so far as to enable the holder to maintain an action thereon; and it is for that purpose made evidence. H. & H. Dig. 599, sec. 1. The certificate was not admissible under this section; it was not founded on any order of survey, donation, pre-emption, or purchase from the United States, nor was *124 it issued in pursuance of any act of Congress. It is a mere certificate that, in the judgment of the register, a certain fact appears from the records in his office. Certifying officers must make exemplifications or abstracts from their records.
The 26th section of the same act, (lb. 605,) makes copies of records, duly authenticated by the land officers, evidence where the original or sworn copies would be admissible. And the 35th section makes such copies admissible as evidence without accounting for the original. This certificate was very clearly not admissible under either of the sections. It does not profess to be a copy from the records. We therefore find no law under which this certificate was admissible, and for this error the judgment must be reversed, and the cause remanded.