O. C. FRENCH ET AL. *v.* THE STATE EX REL. FELDING.

1. PROCESS. *Service. Return.*
   The following return on a summons is bad, and will not support a judgment by default; to wit, " Executed personally on F., by exhibiting and reading to him the contents of this writ." It does not show, and impliedly negatives, delivery of a copy of the writ.

2. JUDGMENT AGAINST CO-OBLIGORS. *Reversed as to one.*
   Under § 2, Acts 1876, pp. 35, 36, the Supreme Court may reverse a joint judgment by default on a tax-collector's bond as to one of the sureties, and affirm it as to the others.

3. REPEAL OF STATUTE. *Effect on pending suit.*
   The act of March 4, 1875, authorizing the governor to appoint special revenue agents empowered to bring suits in the name of the State against defaulters, was repealed by the act of 19th January, 1876,

with no saving in the repealing act as to suits pending under the act repealed. *Held*, that by the passage of the latter act the court lost jurisdiction of a suit pending under the former, and could render no judgment therein.

4. TAX-COLLECTOR. *Action on bond. Code* 1871, § 1752.

In an action on the bond of a tax-collector, under § 1752, Code 1871, the declaration is bad, if it does not contain the allegation that the person on whose relation the suit is instituted is a tax-payer, and fails to aver that he is a citizen of the State.

ERROR to the Circuit Court of Lincoln County.

Hon. JAMES M. SMILEY, Judge.

*Nugent & McWillie*, for the plaintiff in error.

1. It was error to enter the judgment by default against French and the others, sureties on the tax-collector's bond, because the summons had not been returned properly executed as to French. *Smith* v. *Bradley*, 6 S. & M. 485; *Campbell* v. *Hays*, 41 Miss. 561.

2. The act under which the proceeding was instituted having been repealed by the act of 28th January, 1876 (acts 1876, p. 36), before judgment, the court was ousted of jurisdiction, there being no saving clause in the repealing statute. *Hunt* v. *Jennings*, 5 Blackf. (Ind.) 195; *Chicago* v. *Canal Co.*, 14 Ill. 334; *Thompson* v. *Macnawhoe*, 36 Me. 365; 30 Penn. St. 156; *North Canal Street Road*, 10 Watts (Penn.), 351; *Church* v. *Rhodes*, 6 How. Pr. 281; *Petition of Tenelon*, 7 Penn. St. 173; *The Hickory Tree Road*, 43 Penn. St. 139.

No counsel for the defendant in error.

CHALMERS, J., delivered the opinion of the court.

The return of service on French was in these words: "Executed personally on O. C. French, by exhibiting and reading to him the contents of this writ." This is bad, because it fails to show, or rather impliedly negatives, the delivery of a copy of the writ. The judgment by default as to him was erroneous.

The second section of "An Act to provide for service of process against partners, and for other purposes" (acts of 1876, pp. 35, 36), authorizes us, on appeals or writs of errors from judgments against joint and several obligors and con-

tractors, " to reverse the judgment as to one or more defendants, and affirm as to the others, according to justice and the merits of the case ; " and under this section we might, while reversing the judgment as to French, affirm it as to the other defendants below, but for a more serious difficulty.

The suit was brought upon the bond of a defaulting tax-collector. It was instituted, in the name of the State of Mississippi, " upon the relation of Alexander Felding, agent, &c., employed by the governor of said State, under and by virtue of an act to provide for the collection of revenue improperly withheld from the State and county treasury, approved March 4, 1875." Under the provisions of this act the governor was authorized to appoint special revenue agents to bring suits against delinquent officers, with a provision that one-half of the recovery should belong to the special agent instituting the action. This statute was repealed by act of Jan. 19, 1876 (acts of 1876, p. 26), several months before the rendition of the judgment appealed from, and there was no saving in the repealing act as to suits pending under the act repealed. Nothing is better settled than that, under such circumstances, the court is left without jurisdiction to proceed with the suits. *Musgrove* v. *Vicksburg & Nashville Railroad*, 50 Miss. 677.

It is not possible to maintain the action under § 1752 of the Code, which authorizes any tax-payer to institute this class of suits against defaulting tax-collectors, because there is no allegation in the declaration that Felding was a tax-payer, or even a citizen of the State. The action was evidently brought solely by virtue of the repealed statute, and with an eye single to its provisions. Under these circumstances it must be dismissed. Its dismissal will not preclude the State or county authorities, or any tax-payer, from suing on the bond.

*Judgment reversed, and cause dismissed.*