HENRY THOMAS ET AL. *v.* THE STATE.

SCIRE FACIAS. *Return of service by reading. Effect.*

    A return on a *scire facias,* showing that the writ was "executed" by the officer "reading" it to the defendant, discloses a bad service, because not in any of the modes prescribed by the statute; though if all of such return, except the word "executed" had been omitted, it would have imported a legal service under ¿ 1528 of the Code of 1880.

APPEAL from the Circuit Court of Chickasaw County.
HON. J. W. BUCHANAN, Judge.

Henry Thomas, being in custody under indictment for larceny, gave a bond for his appearance at the next term of the circuit court, with E. W. Jones as his surety, and was released. He failed to appear as required by his bond, and a jugment *nisi* was rendered against him and his surety. Upon this judgment a *scire facias* was issued, commanding the sheriff to summon the defendant to show cause why the same should not be made final. This writ was returned with the following indorsement as to service : " Executed on Henry Thomas and E. W. Jones by reading this writ to each of them." The return was dated and signed by the sheriff. Thomas and Jones failed to appear as commanded by the *scire facias*, and thereupon a judgment was entered against them making the judgment *nisi* a final judgment. They then appealed to this court.

*W. R. Harper*, for the appellants.

. Section 1535 of the Code of 1880 provides that writs of *scire facias* shall be executed and returned in the same manner as a summons.

In the case of *French* v. *The State*, 53 Miss. 651, it is held that the return on a summons, " executed personally on F. by exhibiting and reading to him the contents of this writ," would not support a judgment by default, because it not only fails to show but impliedly negatives delivery of a copy of the writ.

*J. L. Harris*, for the State.

The rigorous rule prescribed by the Code of 1871 for the service of process has been relaxed by the salutary provision in the Code of 1880 that it shall not be necessary for the officer in any case to state the particulars of the service, but a general return of " executed " shall be sufficient. Code of 1880, § 1528.

Under the Code of 1871 it would have been necessary for the officer, in a case of this kind, to state with great particularity, " Executed the within process this day upon the defendant in person, by handing to him a true copy thereof," and no other return would have supported a judgment by default.

ARNOLD, J., delivered the opinion of the court.

The *scire facias* was not served in either of the modes prescribed

by the statute. Code, §§ 1527, 1535. Under § 1528 of the Code of 1880, if it had been returned "executed" this would have imported legal service of the writ in some one of the methods provided by the statute. *Heirmann & Kahn* v. *Stricklin et al.*, 60 Miss. 234. But the return shows what was done by the officer, and that the statute was disregarded. There was substantial difference between reading the writ to the appellants, as was done, and delivering to them a true copy thereof, as was required to be done. *French et al.* v. *The State*, 53 Miss. 651.

*Reversed and remanded.*