## A. T. SEMMES *v.* PATTERSON, HENRY & CO.

1. GARNISHMENT. *Suggestion of Indebtedness. No command for summons. Section 2423, Code of 1880, construed.*

   It is the duty of a sheriff, under section 2423, Code of 1880, to summon all persons suggested in a writ of attachment as indebted to the defendant therein, notwithstanding the clerk fail to insert such a command to summon, as required by Section 2422, Code of 1880. Such failure of the clerk cannot defeat the rights of the attaching creditor.

2. SAME. *Return. Sufficiency of to authorize judgment by default. Case in judgment.*

   A return on a summons in garnishment recites, "Executed personally on S., by reading to him the within writ of garnishment, and summoning him to answer as this writ directs." *Held*, that such return is insufficient to warrant a judgment by default against S.

APPEAL from the Circuit Court of Madison County.

HON. T. J. WHARTON, Judge.

In 1886, Patterson, Henry & Co., sued out a writ of attachment against one James Priestly, which contained the statement that it had been suggested that A. T. Semmes was indebted to Priestly. The clerk failed to insert therein the command to the sheriff to summon Semmes to answer as to such indebtedness, as required by § 2422, Code of 1880.

The sheriff's return on the writ was as follows: "Executed personally on A. T. Semmes [and others, naming them], by reading to each of them the within writ of garnishment, and summoning them

to answer as this writ directs." At the subsequent term, judgment was obtained on the attachment, and also a judgment by default was rendered against A. T. Semmes, the garnishee. From such judgment, Semmes appealed to this court.

*G. W. Thomas,* for the appellant.

The failure of the clerk to command the sheriff to summon Semmes, even if the writ was properly returned by the sheriff, made it void, and not sufficient to sustain a judgment by default.

The return, even if the sheriff had he authority to summon the garnishee, is not sufficient to sustain a judgment by default against him.

There are two ways of making a general return under the Code of 1880—one, the simple word "Executed," with the date and signature of the officer; the other, the statement by the officer, under §§ 2442 and 2443, that he "has summoned certain persons, naming them, as garnishees." Now, in the case of *Faison* v. *Wolf,* 63 Miss. 25, the return made by the sheriff as to the garnishee was in these words: "Executed by serving a copy of the within writ on the said G. W. Faison." The court in that case decided that the return did not warrant judgment by default against Faison. In what way does the case now before the court differ from the case of *Faison* v. *Wolf?*

What was the idea of the sheriff when making this return; it certainly cannot be contended that he attempted to make either of the general returns as provided in the statute. If not, he falls short of making a specific return, because he fails to comply with the imperative requirements of §§ 2442 and 2443, as to a specific return.

*G. W. Thomas* also made an oral argument.

*Smith & Powell,* for the appellees.

Under such a return as is here in question, the legal implication is that the officer has complied with the requirements of the statute as to the mode of execution. If the officer summoned Semmes to appear and answer as the writ directs, he executed the writ according to law, for the writ itself calls for a legal service where the garnishee is named in the writ.

See *Benson* v. *Holloway,* 59 Miss. 358.

If the return of the officer shows that a party was summoned according to law, it is as good a return as if he had made return "Executed."

It has been decided by this court that the return by the officer under §§ 2442 and 2443 of the Code of 1880, that he "has summoned certain persons as garnishee, is equivalent to, and is the same, as the return "Executed."

See *Faison* v. *Wolf,* 63 Miss. 25, Code 1880, §§ 2442 and 2443.

If the return, "Executed," be good, it must follow that the return in this writ is good.

The fact that the return shows that the officer read the writ of attachment and writ of garnishment to Semmes does not destroy the legal presumption that the writ was legally executed, which presumption arises from the latter part of the return. For it was a part of the duty of the officer to read these writs to garnishee if he demands.

*R. C. Smith,* of counsel for the appellees, argued the case orally.

ARNOLD, J., delivered the opinion of the court.

The suggestion in the writ as to the indebtedness of appellant, was sufficient to authorize and require him to be summoned as garnishee. On this suggestion being made by the attaching creditors, it was the duty of the clerk issuing the writ to insert therein a command to the officer to whom the writ was directed, to summon appellant as garnishee. Code, § 2422. But the failure of the clerk to perform this duty, did not defeat the right of the attaching creditors based on their suggestion of indebtedness by appellant, to have him garnished. It was the duty of the sheriff, under § 2423 of the Code, to summon appellant as garnishee on the suggestion made, whether commanded to do so in the writ or not.

The return of the sheriff on the writ, as to appellant, is irregular, defective, and insufficient to warrant judgment by default. It conforms to neither of the modes prescribed by statute for the service of process in proceedings by garnishment. It contains too much for the general return, and not enough for the special return prescribed by the statute in such case. If the return had been general

that the sheriff had " executed " the writ on the garnishee named, it would have been sufficient under § 1528 of the Code; or if it had been general that the sheriff had summoned the person named as garnishee, it would have been sufficient under § 2442 of the Code, and in either case, it would be implied that all had been done which the law requires in summoning a garnishee.   But § 2442 of the Code prescribes a new and specific mode in which a garnishee shall be summoned, as well as what the general return may be in such case, and where the return is not general, but attempts to state specifically what was done by the officer in executing the writ, it must show substantial compliance with the requirements of the statute, and no presumption will be indulged to give it validity.   *Faison* v. *Wolf*, 65 Miss. 24; *Benson* v. *Holloway*, 59 Id. 358.

*Reversed and remanded.*