## JAMES A. DOGAN v. RUFUS M. BARNES.

1. PROCESS. *Service. Return should state facts.*

An officer's return of service of a summons which merely recites that the writ was, on a certain day, "executed by personal service" on the defendant is insufficient. The return should state the facts.

2. SAME. *Code* 1880, § 1528.

A defective return, attempting to show personal service of process, is not the equivalent of the general return, "executed," heretofore authorized under code 1880, § 1528.

FROM the circuit court of Tallahatchie county.

HON. F. A. MONTGOMERY, Judge.

Dogan, the appellant, was the plaintiff in the court below. Barnes, the appellee, was defendant there. Dogan recovered a judgment before a justice of the peace, in 1891, against Barnes. In 1896 certain lands were levied upon and sold under execution issued on the judgment. On the very day the lands were sold, however, Barnes made a motion before the justice of the peace to quash the execution and vacate the judgment, claiming that the judgment was void, because rendered by default on the return day of the summons without personal service of process. See *Betts* v. *Baxter*, 58 Miss., 329, and *Heirmann* v. *Stricklin*, 60 Miss., 234. This motion the justice of the peace sustained, and Dogan appealed to the circuit court, and he also petitioned for and obtained a certiorari transferring the cause for review, on the record, from the justice to the circuit court. The circuit court affirmed the judgment of the justice of the peace, and Dogan appealed to the supreme court. The other facts are stated in the opinion of the court.

*R. R. Buntin*, for appellant.

The service of summons on Barnes, as shown by the return of the officer, was sufficient, under § 1528, code 1880, which was then in force. This section was not the law under the code of 1871, nor is it the law now. So the decisions relied upon by appellee are not in point. "Executed by personal service on R. M. Barnes" makes a legal service under code of 1880, and also shows the manner of service had—that it was personal. The most that can be urged against the judgment is that it was rendered on defective service. If so, it is not void, but voidable on appeal. *Allen* v. *Dicken*, 63 Miss., 91.

*Mayes & Harris*, on the same side.

The contention of the appellee, that the judgment and execution were void because of the rule laid down in various decisions by this court that a judgment taken by default on a constructive service, or, rather, on a return of "executed," simply, at the first term, is a nullity. The officer's return was as follows: "Executed by personal service on R. M. Barnes." This is a sufficient return of personal service under the code of 1880. Even if not sufficient it still negatives constructive service, and the utmost that can be said of it is that it is a defective return of personal service. The case, therefore, comes under the rule laid down in *Betts* v. *Baxter*, 58 Miss., 334.

In addition to all of the above, we submit that, as a matter of practice, a justice of the peace is not by law given authority to set aside his own judgments on motion after the expiration of the term at which they are rendered, more especially after a lapse of five years. If it was true that the judgment and execution and sale were void, it was a defect which was apparent on the face of the record, and the remedy of the appellee was to ignore the sale and stand on his defense in an action of ejectment. If the judgment was merely erroneous, this is still clearer, for the reason that such a motion and such an order

---

are in effect an appeal taken from the magistrate to himself after the lapse of five years.

*W. S. Eskridge*, for appellee.

The motion to set aside and vacate the judgment on the ground that it was void was properly sustained. A void judgment will be set aside on motion. *Lane* v. *Wheless*, 46 Miss., 666. A sale under a void judgment is itself void. Rorer on Judicial Sales, sec. 710. The judgment was rendered by default at the return term of the writ. The writ was executed as follows: "Executed this writ by personal service on R. M. Barnes." The judgment, under the repealed decisions of this court, is void. *Betts* v. *Baxter*, 58 Miss., 329; *Heirmann* v. *Stricklin*, 60 Miss., 234; *Moore* v. *Hoskins*, 66 Miss., 496.

Woods, C. J., delivered the opinion of the court.

The judgment by default at the return term on this return of the officer charged with the execution of the summons, viz.: "Executed this writ by personal service on R. M. Barnes, this Jan. 6, 1891," was erroneous, in that the return of the officer fails to state the facts upon which he based his conclusion that there had been personal service of the process. The statute then in force, and now in force, prescribes the manner of serving original process: "(1) Upon the defendant personally, if to be found in the county, by handing him a true copy of the process." In the case before us the return does not state that the process was served upon the defendant personally by handing him a true copy of the process. The facts showing the mode of service are not disclosed by the return. The service may have been by reading the summons to the defendant, for aught that appears, and such service has been held by this court, in *French* v. *State*, 53 Miss., 651, and in *Thomas* v. *State*, 62 Miss., 184, to be bad. The officer executing process should state the facts, showing what he did, and let the court draw the conclusion of law from the facts. In *Rankin* v.

*Dulaney*, 43 Miss., 197, this return was held to be bad, viz.: "Executed by serving the within attachment personally" on the defendants, naming them.

It is thought by counsel for appellant that, inasmuch as § 1528, code of 1880, makes it unnecessary for the executing officer to state the particulars of the service, but that a general return of "executed" will be sufficient, that, therefore, this return is good. But this contention is unsound. There is a marked difference between the general return, "executed," and the one shown here of personal service, on which judgment by default was rendered at the return term. The cases of *Faison* v. *Wolf*, 63 Miss., 24, and *Semmes* v. *Patterson*, 65 Miss., 6, clearly note the distinction between the general return "executed," and an attempt to make the special return prescribed by the statute, and state the reasons for the distinction.

*Affirmed.*