WILLIAM BLALACK ET AL. *v.* BENTON STEVENS.

CLAIMANT'S ISSUE. *Evidence. Judgment.*

On the trial of a claimant's issue for property levied upon under execution, the plaintiff cannot recover without offering in evidence the judgment upon which the execution was issued.

FROM the circuit court of, first district, Perry county.

HON. JOHN R. ENOCHS, Judge.

Stevens, the appellee, was plaintiff in the court below; one Enoch Fairley was defendant in execution, and Blalack and another, appellants, were claimants. Blalack and another had caused an execution to be issued upon a judgment in their favor against Fairley, and it had been levied upon certain sticks of valuable square timber, which were claimed by Blalack and his partners.

On the trial of the claimant's issue, the plaintiff, Stevens, failed to offer in evidence his judgment against Fairley, upon which the execution was issued. The court below, however, gave judgment for plaintiff, and the claimants appealed to the supreme court.

*S. E. Travis*, for appellants.

The burden of proof is on the plaintiff in execution, the appellee here, to show a valid, subsisting judgment, proper execution and levy, title in defendant in execution and liability of the property levied on to the demand sought to be enforced.

The case at bar is lacking in several of these prerequisites. It is not a question of measuring the strength of titles, or claimant's paramount title. As a matter of law, a claimant may win his case without possessing or proving any title whatever. The claimant is not required to offer any proof until the plaintiff has established the foregoing prerequisites. As to the correctness of the foregoing propositions, see *Trice* v. *Walker*, 71 Miss., 968; *Dickman* v. *Williams*, 50 Miss., 500; *Phillips* v. *Cooper*, 50 Miss., 722; *Butler* v. *Lee*, 54 Miss., 476.

There is no evidence whatever in the record of any valid and subsisting judgment. In fact, there was no attempt to make such proof.

*Stevens & Stevens*, for appellee.

Certainly the burden was upon plaintiff in execution to show that the property levied upon was liable to the execution, and we submit that this responsibility was fully discharged by the plaintiff below, and the court, acting as a jury, was amply justified in finding for plaintiff on this point.

The enrolled judgment fastened a lien upon the timber in controversy immediately upon its severance from the soil, and this lien was superior to any claim of appellants. Code 1892, §§ 757 and 2413.

*Monroe McClurg*, on same side.

The enrolled judgment constituted a lien. Sections 757 and 2413, code. The circuit clerk in whose office the judgment was enrolled is authorized to issue execution thereon. Section 3481, code.

On claimant's issue the burden of proof is upon the plaintiff in execution to show that the property levied upon is liable to execution. Section 4429.

In *Irion* v. *Hume*, 50 Miss., 419, this court says: "The precise issue, of which the execution or attachment holds the affirmative, is that the property is liable to the process, and

not whether the claimant has established his title. Although the claimant may not have title, yet he will succeed by showing title in a stranger, for thereby he has demonstrated that the property cannot be rightfully subject to the creditor's demand. *Ross* v. *Garey*, 7 How., 47; *Thornhill* v. *Gilmer*, 4 Smed. & M., 153.''

In *Thornhill* v. *Gilmer*, 4 Smed. & M., 153, the precise rule, since followed, is stated as follows: '' But in the trial of the right of property seized at execution the rules which regulate and govern it are the same that regulate and govern the trial of an issue in an action of detinue; and, the burden of proof being upon the plaintiff in the execution, if no title is made to appear in the defendant in the execution, the plaintiff's case is defeated equally as well as if a paramount title were established in the claimant.''

In *Atwood* v. *Meredith*, 37 Miss., 635, this court says: ''It was proper to show that the note, which was the foundation of the judgment, was given for a gin stand for the plantation of claimant. This testimony was properly rejected, as it was wholly irrelevant to the issue joined.''

What is the issue joined in a case like this? Certainly that the property levied upon was liable to execution. Otherwise, a motion to quash the writ, remove the levy, vacate the judgment, or some other proceeding, would have put in issue the foundation of the writ or levy. The question as to the legality of the judgment was between Stevens and Fairley. As between Stevens and Blalack & Co., the sole question is whether the property is liable to execution. A claimant may not defend by attacking the validity of the judgment; his defense is restricted to the right to show that the property is not liable to execution. He may not assail a judgment by a collateral attack. Hence, as to him, the claimant, the execution itself and its levy is the only thing with which he has to deal; he cannot lawfully inquire back of the execution, which is valid on its face.

CALHOON, J., delivered the opinion of the court.

Appellee, Stevens, the plaintiff in execution, on the trial of the claimant's issue was under the necessity to offer in evidence his judgment against Fairley, and did not do so. This fatal omission is not supplied by the fact that he did offer the execution and the judgment roll. A writ of execution requires the support of a valid judgment. It is the judgment when enrolled, and not the judgment roll, which is made a lien. Code, §§ 757, 759, 760, 791, 2413, 3473, 3481, 4429. We decide nothing else in the case.

*Reversed and remanded.*