REEVES GROCERY CO. *v.* ANDREW J. THOMPSON, *et al.*

[63 South. 187.]

1. GARNISHMENT. *Defenses by garnishee. Service in principal action. Sufficiency. Code 1906, sections 3926 and 3927.*

   Under section 3926, Code 1906, providing for secondary service of process and under section 3927 setting out forms for a return in such cases, the return of an officer executing a summons on a defendant that he had "executed same by delivering a true copy of this writ at his place of abode" is not void but only irregular and a judgment thereon cannot be collaterally attacked by claimants in garnishment had upon such judgment.

2. GARNISHMENT. *Claim by third person. Assignment. Validity. Question for jury.*

   Where the assignment of the debt in controversy is relied upon to defeat a garnishment, the *bona fides* of such assignment is a question for the jury.

APPEAL from the circuit court of Monroe county.
HON. JOHN H. MITCHELL, Judge.

Suit by Reeves Grocery Company against Andrew J. Thompson in which Harris Bros. were garnished, and Young Thompson and another intervened as claimants. From a judgment for claimants, plaintiff appeals.

Andrew J. Thompson was engaged in the mercantile business, carrying a small stock of goods valued at between seven hundred and fifty and twelve hundred and fifty dollars. He also owned real estate worth from two hundred and fifty to four hundred dollars, and notes

of Harris Bros. amounting to about one thousand dollars. The storehouse (which he rented) burned, but he succeeded in saving the stock of goods, which he subsequently carried out to the home of his sister, Mrs. Annie Stone, one of the appellees here. The goods were sold off from time to time, and no account seems to have been kept of the proceeds. Shortly after the fire Thompson deeded his real estate to Mrs. Stone's husband, for an alleged consideration of four hundred dollars, which he says was paid him from time to time. He also executed an assignment of the Harris notes to his sister, Mrs. Stone, with the agreement that she should pay his brother, Young Thompson (the other appellee here), four hundred dollars of the amount collected from Harris. The Harris notes were secured by a deed of trust on real estate, which was of record; but the assignment of same to Mrs. Stone and Young Thompson does not appear of record. It is claimed that this assignment was made to his sister and brother to repay them for money expended on him, and for care and attention given him a year or two before, when he was suffering from a severe injury which rendered him practically helpless for more than a year, and that while he was suffering from his injuries and being cared for by his sister and brother he had promised to pay his sister five hundred dollars and repay his brother the money expended on him, should he recover anything from the railroad company, at whose hands the injury was received. Afterwards he did recover from the railroad company, and started the mercantile venture without having paid these obligations.

The Reeves Grocery Company recovered a judgment against Andrew Thompson after the fire and after the alleged assignment of the Harris notes to appellees, and had garnishment issued on Harris Bros., who answered that appellees were claiming the proceeds of the notes. Appellees then came into court and set up their claim by the assignment, and the court below upheld their claim.

It was contended by the appellees that the judgment obtained by appellant against Andrew J. Thompson was void because of defective service of process by the constable, which reads: "Executed same by delivering a true copy of this writ at his place of abode." Section 3926 of the Code of 1906 provides that, where a defendant cannot be found in the county, process may be served "by leaving a true copy of the process at his usual place of abode with his wife or some other person above the age of sixteen years, being one of the family, and willing to receive such copy," or "if no person of his family aged sixteen years can be found at his usual place of abode who is willing to receive such copy, then by posting a true copy on a door of the defendant's usual place of abode." Section 3927 sets out the forms of return, in accordance with these provisions.

*Wiley H. Clifton,* for appellant.

In support of the court's ruling on the objection to the testimony of Ed Mize and to introduction of the judgment in the case of Reeves Grocery Company v. A. J. Thompson. We submit the objection is made by strangers to this original proceeding and judgment, and therefore a collateral attack on the judgment. That the return on the process at most is only defective, and that the judgment is good on collateral attack, independent of the testimony of Ed Mize. *Quarles* v. *Heirn,* 70 Miss. 895, 14 So. 23; *Kaufman* v. *Foster,* 89 Miss. 388, 42 So. 667.

But if it were a direct attack on this judgment and the court should think the return defective it would be but an irregularity, and the judgment only voidable. And on this issue the testimony of Ed Mize would be competent to show that the process was served on the defendant, A. J. Thompson, either actually or constructively, and cures the irregularity, if any. Such testimony is competent to show the fact as to the service of the

process, and not for purpose of amending the return. *Allen* v. *Dickens,* 63 Miss. 62.

But if this judgment was void the auxiliary attachment would require a trial on the merits and the claimant's issue. We notice these technical objections which go to the foundation of the suit, in order to show the court that under no view of the case can the action of the lower court in giving a peremptory instruction for the appellees be sustained.

Under section 2794 and 2785, Code 1906, the transfer or assignment of the record debt must be noted on the margin of the record of the lien or recorded; and in default of such entry the original creditor can satisfy the lien or instrument evidencing it. Such satisfaction by the original creditor will release the lien as to the subsequent creditors, which embraces prior creditors who acquire liens after the assignment, and purchasers for value, etc., unless the assignment be acknowledged and recorded. This means that the assignment can be defeated by the original creditor and assignor and the lien released as to the subsequent creditors and purchaser of the assignor, so long as the transfer is not noted on the record; and if the assignee fails to have the entry made within thirty days from the day of the said assignment, he forfeits to the debtor ten per cent of said indebtedness. Under these statutes such assignments are brought within the operation of the Registry Law; and noncompliance with its provision makes the assignment void as to the creditors of the assignor, because it reserves a benefit to the assignor by permitting him to retain the *jus disponendi* over the debt and the lien. Where the transaction clearly reserves a material benefit to the assignor it makes the assignment void. *Marks* v. *Bradley,* 69 Miss. 1, 10 So. 192; R. C. 1906, p. 2794, 2785, 2796; *Klaus* v. *Moore,* 77 Miss. 701, 27 So. 612; Argument on Proposition 1.

Proposition II. This assignment was fraudulent and void in fact as well as in law. Andy Thompson in June,

1911, couldn't pay his debts, was commercially insolvent, and for an inadequate consideration, transferred all his property to his sister and brother-in-law in consideration of an antecedent debt, just before judgment was obtained against him. The law imputes a fraudulent intent, if the thing done is unlawful; or naturally results in defrauding creditors. *Ames* v. *Dorrah,* 76 Miss. 187, 23 So. 768; *Stanton* v. *Green,* 34 Miss. 576; *Marks* v. *Bradley,* 69 Miss. 1, 10 So. 922.

Proposition III. Where the conveyance or the assignment is on a fictitious consideration in whole or in part, the transaction is fraudulent and void.

Proposition IV. Young Thompson is only a preferred creditor under the assignment and his claim to the property can only be asserted under the assignment. The trade he made afterwards with Mrs. A. E. Stone adds nothing to the strength of his title; he must deraign title through her as assignee.

But we are discussing this case as though it were being heard by the court on a motion for a new trial; when the *nisi prius* judge withdrew the question of fraud from the jury and gave a peremptory charge. A peremptory instruction is proper only where, admitting all the facts in evidence and every inference from them, they fail to maintain the issue, and upon the review of the giving of the peremptory charge, the losing party is entitled to have all the facts in his favor, and every inference from them, considered as true. *Farmer* v. *Cumberland Tel. Co.,* 86 Miss. 55, 38 So. 775; *McCaughn* v. *Young,* 85 Miss. 277, 37 So. 839; *I. C. Ry. Co.* v. *Boehmus,* 70 Miss. 11, 12 So. 23; *Fore* v. *Ala. R. Co.,* 87 Miss. 211, 39 So. 493-690; *Loenstein* v. *Powell,* 68 Miss. 73, 8 So. 269; *State* v. *Spengler,* 74 Miss. 129, 21 So. 4; *Hayes* v. *Slidell Liquor Co.,* 55 So. 356.

With the fraud of Andy Thompson proven, is it not a just inference to say that Mrs. A. E. Stone knew of and participated in the fraud; with all the juggling in the

accounting, making Mrs. Stone the creditor for the board when it was furnished by A. E. Stone, and with the five hundred dollar note unpaid deeding the city lots to A. E. Stone on a credit, when the deed recited a cash consideration instead of to Mrs. A. E. Stone, is it not a just inference to hold that the consideration for the assignment was grossly inadequate; a just inference to hold that the debts of Mrs. A. E. Stone and Young Thompson were largely if not wholly fictitious.

*Leftwich & Tubb,* for appellees.

This process was issued on the first day of September, 1911, and was made returnable on Saturday the 16th day of September, 1911, to the justice court of E. G. Mize, justice of the peace; the following is the return of the officer entered upon the back of the writ: "Return by Officer. Executed same by delivering a true copy of this writ at the place of abode. This the 9th day of September, 1911. Chas. P. Jones, Jr., Constable Second District."

This court will observe that this is manifestly no such service of process as will support a default judgment, either at the return term or at any other term. Code 1906, sections 3926 and 3927, and decisions annotated thereunder. The court will observe that this return does not show that the defendant could not be found within the district, as is required by section 3927, subparagraph C. That section provides for three different methods of serving process and making returns; just as section 3927 provides for three different methods of serving the paper, so likewise section 3927 provides three different methods of making the return, showing how the service has been made. Sections 3926, subparagraph 2, provides that the officer must first serve the writ in person upon the defendant if he is to be found in the county by handing him a true copy of the paper, and the section provides further that the summons may be served in the following manner:

"If the defendant cannot himself be found in the county, then by leaving a true copy of the process at his usual place of abode with his wife or some other person above the age of sixteen years of his family and willing to receive such copy."

So likewise, the officer in making his return, must show first that he has served the defendant in person, and if personal service has not been had, that fact must be stated in the return, and the reason why the writ was not personally served, that is to say, that the defendant could not be found in the county; then in making the return the officer can follow subparagraph 2, section 3927, which sets out the form of service where the copy is left at the residence. Subparagraph C of this same section 3927 reads as follows: "The first service should be made if it can be; if not, then the second should be made if it can be; and the return of the second service must negative the officer's ability to make the first. If neither the first nor the second service can be made, then the third should be made, and the return thereof must negative the officer's ability to make both the first and the second."

It is certainly clear from the return made by the officer on this writ that there had been no legal service upon the defendant, A. J. Thompson such as would support the default judgment, and we submit that this judgment was void under the statutes and the decisions of this court, even granting that the defendant resided in the second district of Monroe county, although the claimants' affidavit pronouncing their claims shows that he resided in the first district of Monroe county.

It appeared by the testimony that the defendant had assigned the notes due by the garnishee, and this transfer is presumed to have been a valid and *bona fide* one; the burden was upon the plaintiff to overthrow this presumption by proof, and this he has failed to do. On the contrary, the proof is overwhelming that this entire transaction was clean, open and valid, and supported by

legal consideration, and that all parties connected therewith acted in absolute good faith. *Thomas* v. *Sturges,* 32 Miss. 261; *Williams* v. *Jones,* 42 Miss. 270; *Gordin* v. *Moore,* 62 Miss. 493.

We further submit that the judgment creditor, the appellant here, could not by his writ of garnishment acquire any greater interest in the fund garnished, that is, the two notes of the Harris boys, than the interest held by the debtor, the said A. J. Thompson, at the time of the service of the writ. *Schuler* v. *Murphy,* 91 Miss. 508.

Counsel makes much ado in the closing portion of his brief, in that the trial court granted a peremptory instruction to the jury to find for these claimants, and refused all of the charges asked by this appellant; he cites many cases to show that the trial court ought to have refused the peremptory charge for the claimants, and these cases certainly can have no application here, for when the court had heard all the testimony including the testimony of the claimants' witnesses, there was then left before the court and the jury absolutely no issue, and really and in fact, nothing whatever for the jury to pass upon; not a witness had been brought forward to contradict the witness and claimant, Young Thompson, nor the witness Avery E. Stone, nor in any manner impeach the testimony of either, and this testimony so impressed the court that he felt that upon the facts in the case the jury could return no other verdict than a verdict for the claimants; that he would not have sustained a verdict of the jury if one should have been rendered in favor of plaintiff on this record.

The trial court heard and saw these witnesses, each and all of them, and he is far better enabled to judge of the credibility of the witnesses and the truthfulness of their testimony than the appellant court who merely reads the cold letter after it has been transcribed, and viewing the case from all of these points, we submit that this court will not disturb the verdict.

We further invoke Rule No. 11 of this court, recently enacted, that this record nowhere shows a manifest miscarriage of justice; that reading the entire record from first to last, the court must be impressed with the fact that justice was done in the trial of the case, and that there is nothing here to justify a reversal.

COOK, J., delivered the opinion of the court.

It is contended that the judgment upon which the garnishment was based is void, and for this reason the peremptory instruction for claimants was proper. We are of opinion that this contention is unsound. The service of the summons is irregular only, and of this claimants could not complain.

After a careful reading of the entire record, we think the court should not have given the peremptory instruction, but should have submitted to the decision of the jury the *bona fides* of the alleged assignment to claimants of the debt in controversy; but for obvious reasons we refrain from any criticism of the evidence in support of the assignment.

*Reversed and remanded.*