THIRD NAT. BANK OF ST. LOUIS v. REEVES GROCERY CO.

· [73 South. 866, Division B.]

1. ATTACHMENT. *Claimants issue. Security for cost. Discretion of court.*

   On the trial of the claimant's issue, it is within the discretion of the court to require the claimant to give security for cost.

2. ATTACHMENT. *Claimant's issue. Burden of proof. Statutes.*

   Under section 163-2352-4994, Code 1906, on the trial of the claimants issue under an attachment, the burden of proof is on the plaintiff in attachment.

Appeal from the circuit court of Lee county.

Hon. Claude Clayton, Judge.

Attachment by the Reeves Grocery Company against the Kehlor Flour Mills Company, wherein the Third National Bank of St. Louis was claimant. From a judgment for plaintiff, the claimant appeals.

The facts are not stated in the case.

*J. E. Rankin,* for appellant.

The court erred in requiring the claimant to give security for costs, and in holding that the burden of proof was on the claimant. Appellee's motion to require appellant, as claimant in the court below, to give security for costs is based on section 940 of the Code of 1906 which only provides that the plaintiff or complainant "may be required to give security for costs." The claimant stood in the attitude of a defendant, and instead of being required by the plaintiff to give security for costs, had the right under the law, to require plaintiff to give such bond.

As to the burden of proof in this cause, I submit that there is no question about its being on the plaintiff in attachment in this case and not on the claimant. Section 163 of the Code of 1906 provides that: "All the provisions of law in relation to third persons claiming property levied on by virtue of *fieri facias* shall extend and apply to claimants of property levied on by virtue of writs of attachment."

And section 4994 of the Code of 1906, dealing with the trial of the right of property under writs of execution, or *fieri facias,* provides that: "On the trial of the issue, the burden of proof shall be on the plaintiff in execution," which corresponds in this case to the plaintiff in attachment. Taking these two sections of the statute and reading them together, it plainly appears, it seems to me, beyond the possibility of a doubt that the burden of proof in the trial of the claimant's issue in this case was on the

appellee—the plaintiff in attachment in the court below; and in holding to the contrary, the court committed reversible error.

*W. A. Blair,* for appellee.

In appellant's assignment of error, we find six and he wishes this case reversed: First, because a great injustice has been done him, and a great miscarriage of justice by the court's ruling in requiring the appellant to give security for cost. We feel confident that this could not have an influence on the verdict, and that in this enlightened age, that no supreme court would reverse a case because the appellant was required to give security for cost.

Second, he contends that a great injustice has been done in holding that the burden of proof is upon the claimant and appellant in this case. We submit that as the case in the whole issue was tried before court without a jury that this point is not well taken, and is immaterial, as the court can see, in reading the testimony in this case, that it was immaterial as to whom the burden of proof was on; however, let it be placed upon the appellee, and the appellee has met the burden and this, his second assignment of error, there is nothing in as we feel confident that, after looking over and reading the whole record, which is short and reading rule No. 11 of the supreme court of Mississippi adopted Oct. 2, 1912, which is given herewith below that this court will agree with the trial court and affirm this case. The issue of fact, if there be one, being agreed upon to be tried by the judge has been determined by the court, and as that determination is not unwarranted by the evidence, but is by the whole proof and law, warranted, we insist that the court should not reverse.

ETHRIDGE, J., delivered the opinion of the court.

There are no errors in the record sufficient to reverse the cause. The court had the discretion to require security for cost incurred by reason of its claim. The burden was on plaintiff in attachment on the trial of the claimant's issue (sections 163, 2352, and 4994, Code of 1906), but the issue was tried before the judge, and the record does not show any injury by appellant presenting its proof first.

*Affirmed.*