HINTON v. MILLS ET AL.

[82 South. 264, Division B. No. 20688.]

EQUITY. *Bill by judgment creditor. Pleadings. Judgment. Denial.*
Where a judgment creditor's bill charged that the debtor fraudulently caused the sale of his mortgaged lands and that the

same was purchased by the defendant and conveyed to the debtor's wife and positively alleged the rendition of the judgment and set out the minutes book and page of its entry, with date of its enrollment on judgment roll. In such case an answer not specifically denying such allegations, but stating that defendant had no personal knowledge thereof, and not explaining the judgment, is not sufficient, under Code 1906, section 584 (Hemingway's Code, section 344), to put complainant to the proof as to the judgment.

APPEAL from the chancery court of Alcorn county.
HON. A. J. McINTYRE, Chancellor.

Bill by Frank Carter against P. G. Mills and T. F. Hinton and others, with answer and cross-bill by defendant Hinton, against plaintiff and defendant Mills. From the decree, Hinton appeals.

The facts are fully stated in the opinion of the court.

*W. C. Sweat,* for appellant.

*Cunningham & Cunningham,* for appellees.

ETHRIDGE, J., delivered the opinion of the court.

Frank Carter filed a bill in the chancery court of Alcorn county against P. G. Mills, T. F. Hinton, Mrs. Katie Mills, Earl Mills, George Hazard, T. H. Phillips, the People's Bank & Trust Company, and the First National Bank of Corinth, and alleged that the complainant on the 4th day of August, 1910, recovered judgment against the defendant P. G. Mills in the named sum; that it was duly enrolled on August 11, 1910; that at the time of the rendition of this judgment there were certain other named judgments enrolled of record against P. G. Mills; that at the time of the enrollment of his judgment P. G. Mills was the owner of certain property described in the bill consisting of lands, personal property, growing crops, etc.; that, at the time of the obtaining of the judgment, the defendants the said

banks named in the bill had certain deeds of trust upon certain of the property of the defendant Mills; that thereafter the defendant Mills had an agreement and collusive understanding with the defendant T. F. Hinton, by which Hinton took up or had transferred to him certain of the mortgages executed by P. G. Mills and caused the same to be sold and bought in by said Hinton and afterwards to be conveyed to the wife of P. G. Mills; and that certain of the lands were sold for taxes and brought in by T. F. Hinton, and, by an understanding between Mills and Hinton for the purpose of defrauding the complainant and defeating his judgment and other judgments, the lands were not redeemed within the two years allowed by law. The bill charges fraud and collusion between the defendant Mills and the defendant Hinton, by which certain of the property on which deeds of trust existed, especially personal property, was released for inadequate and fraudulent considerations, and prayed for Hinton to be charged with the value of such property on the theory that the assets of the debtor, Mills, should be marshaled so as to enable the judgment creditors to be paid as well as the holders of the said deeds of trust. The defendants answered, and the defendant Hinton made his answer a cross-bill against the plaintiff and against the defendant Mills, and testimony was taken on such bill and answers and the cross-bill and answers to the cross-bill, and the chancellor rendered a decree from which the appellant T. F. Hinton prosecutes this appeal.

The principal ground for reversal relied upon by the appellant is that the complainant, Carter, did not introduce his judgment in evidence, relying upon the case of *Blalack* v. *Stevens*, 81 Miss. 711, 33 So. 508. We deem it necessary only to discuss this assignment of error. The answer and cross-bill of T. F. Hinton to the allegations of the bill with reference to the judgment above referred to reads as follows:

"That he does not know of his own knowledge whether or not on August 4, 1910, and for a long time prior thereto, P. G. Mills was indebted to the complainant; or whether or not on said note the complinant recovered a judgment against said P. G. Mills for $950.57, said judgment bearing interest from date of rendition; but, if the same is material to this defendant's rights in this case, he denies the same and demands strict proof thereof."

The allegations of the bill as to the rendition of the judgment were positive, and the minute book and page where judgment was entered were set out in the allegation, together with the date of the enrollment of the judgment on the judgment roll, and the answer does not deny specifically these allegations, but, on the contrary, it is stated that the defendant and cross-complainant had no personal knowledge of the matter, and there is no averment in the answer of any fact or thing that would explain the judgment refered to, or deny that there was such record as alleged. This answer is insufficient under section 584, Code of 1906, section 344. Hemingway's Code to put the complainant to proof as to said judgment. *Hopper* v. *Overstreet,* 79 Miss. 241, 30 So. 637. The record is voluminous, and the testimony in many respects conflicting as to the other features of the case. Viewing the record as a whole, we are unable to say that the chancellor committed any reversible error. We think the results reached were equitable and just under all the facts of the record, and, to say the least, are not so manifestly wrong as to call for reversal of the chancellor.

The judgment of the lower court will therefore be affirmed.

*Affirmed.*