BEESON-MOORE MOTOR CO. *et al. v.* CATLETT.

[91 South. 564. No. 22579.]

1. EXECUTION. *On trial of claimant's issue for property levied on, plaintiff must introduce judgment, execution, and owcer's return thereon.*

On the trial of a claimant's issue for property levied on under execution, the plaintiff cannot recover without offering in evidence the judgment on which the execution was issued, the execution itself, and the officer's return thereon.

2. EXECUTION. *On trial of claimant's issue for property levied on to satisfy mechanic's lien on an automobile, record wust show judgment condemning property for satisfaction of lien.*

On the trial of a claimant's issue for property levied on in a proceeding to satisfy a mechanic's lien, the plaintiff cannot recover where it does not appear from the record that a judgment condemning the property for the satisfaction of the lien has been rendered.

APPEAL from circuit court of Lauderdale county.
HON. J. D. FATHEREE, Judge.

Action by James Catlett against Mrs. A. L. Harris. Judgment was rendered for plaintiff, who caused execution to issue thereon. An automobile levied on under the execution was claimed by the Beeson-Moore Motor Com-

pany and another. Judgment for plaintiff on the claimant's issue by the justice of the peace was affirmed by the circuit court, and named claimant appeals. Reversed and remanded.

*S. M. Graham* and *Bozeman & Cameron,* for appellant.

*Snow & Snow,* for appellee.

Smith, C. J., delivered the opinion of the court.

This cause originated in a court of a justice of the peace. The record certified by him to the circuit court to which the cause was appealed contains: First, an affidavit alleging that an automobile seized by the plaintiff in the case of *Jim Catlett* v. *Mrs. A. L. Harris* to satisfy a mechanic's lien thereon in favor of Catlett is the property of Beeson-Moore Motor Company and the Commercial Credit Company, and not the property of the defendant, Harris, and that the plaintiff, Catlett, had no mechanic's lien thereon; second, an affidavit by Catlett traversing the allegations of the claimant's affidavit and alleging that Catlett has a lien on the automobile for repairs made by him thereon; third, an execution without any return thereon commanding any lawful officer of Lauderdale county "that of the real and personal estate of Mrs. A. L. Harris you cause to be made fifty-five dollars and eighty-five cents, adjudged by the undersigned justice of the peace of the county of Lauderdale in said state, on the 11th day of August, A. D. 1920, to James Catlett;" fourth, a bill of costs incurred in the court of the justice of the peace; and, fifth, a copy of a judgment in favor of the plaintiff, Catlett, rendered on the claimant's issue. When the cause came on to be heard the evidence introduced was to the effect that the car was formerly owned by the Beeson-Moore Motor Company and was sold by it to Mrs. Harris, she giving them therefor another automobile and eight promissory notes

aggregating six hundred and thirty-five dollars, and due respectively one, two, three, four, five, six, seven, and eight months after date. This sale was evidenced by a written contract in which the title to the automobile was reserved by the Beeson-Moore Motor Company until all of the notes given therefor should be paid, which contract was duly acknowledged and recorded. The car was sold to Mrs. Harris for her personal use. The notes given by her for the car were sold by the Beeson-Moore Motor Company to the Commercial Credit Company of New Orleans. Mrs. Harris had paid all of the notes that had become due up to the trial, but there were several that had not yet matured, and the only evidence that they had not been paid was excluded as hearsay; the witness testifying thereto having no knowledge thereof except what had been reported to him by the Commercial Credit Company. The plaintiff, Catlett, testified that he had repaired the car for Mrs. Harris, and when asked, "Were they necessary repairs?" replied "Yes, sir." There was no evidence either of the character or value of the repairs made by Catlett. In response to an instruction by the court so to do, the jury returned the following verdict:   .

"We, the jury, find for the plaintiff, Jim Catlett, that he have a prior right to Buick automobile No. D-45, five-passenger 1919 model touring car."

And there was a judgment that the claimants, who seem to have bonded the automobile, restore it to the constable who levied the execution, and in default thereof that the plaintiff, Catlett, have "judgment against Beeson-Moore Motor Company, principal, and J. W. Beeson, surety, on his appeal bond, in the sum of fifty-five dollars and eighty-five cents, interest at six per centum from August 31, 1920, to date of judgment herein."

The Commercial Credit Company did not join in the appeal from the court of the justice of the peace, the appeal both to the circuit court and from that court to this being by the Beeson-Moore Motor Company alone. The complaint of the appellant, and to which this opinion will

be limited, is: First, that neither the judgment on which the execution issued nor the officer's return thereon were introduced in evidence; and, second, that under the rule announced in *Hollis* v. *Isbell,* 124 Miss. 799, 87 So. 273, the appellant's right to the automobile is superior to any lien the appellee may have thereon for repairs.

It is impossible to determine from this record whether the proceedings in the original case were for the enforcement of a mechanic's lien or for the mere recovery of a debt. If the automobile was seized on an execution on a simple judgment awarding a recovery for a debt, then the appellee, the plaintiff in the court below, should have introduced in evidence the judgment, the execution and the officer's return. *Ross* v. *Garey,* 7 How. (Miss.) 47; *French* v. *Sale,* 60 Miss. 516; *Blalack* v. *Stevens,* 81 Miss. 711, 33 So. 508. But, if the automobile was seized in a proceeding to enforce a mechanic's lien thereon under the provisions of section 3075, Code of 1906 (Hemingway's Code, section 2435), the procedure for which is outlined in sections 3079 and 3080, Code of 1906 (Hemingway's Code, sections 2436 and 2437), and which is that of an ordinary attachment for debt, it may be that the judgment condemning the automobile to satisfy the appellee's lien may be a part of the record without being formally introduced in evidence, as to which we are not now called on to express an opinion; for in order for the appellant to recover it must appear from the record that the judgment under which he seeks to hold the automobile was in fact rendered. The rendition of such a judgment is not disclosed by the record certified to the court below by the justice of the peace, nor was such a judgment introduced by the appellee as a part of his evidence, for which reason, without reference to the second question raised by the appellant as hereinbefore set forth, or to any other question which may be presented by this record, the judgment of the court below must be reversed, and the cause remanded.

*Reversed and remanded.*