REID v. HALPIN et al.

(Division B. April 24, 1939.)

[188 So. 310. No. 33678.]

Dabney & Dabney, of Vicksburg, for appellant.

**Vollor & Teller,** of Vicksburg, for appellees.

Argued orally by **F. Y. Dabney**, for appellant, and by **Landman Teller**, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellees, the Halpins, recovered a judgment in the circuit court of Warren County against James R. Reid in the sum of $20,000. Execution was issued on the judgment and levied on a Buick automobile, as the property of the judgment debtor. His wife, the appellant, claimed that the automobile belonged to her and was not subject to the judgment. That was the question in the case—the other questions grew out of that. The trial was by consent before the circuit judge, acting as judge and jury. The judgment was in favor of the judgment creditors. From that judgment, the claimant, Mrs. Reid, appeals.

The trial was had on appropriate pleadings and agreed facts and additional testimony of witnesses. The judgment became final in January, 1938. In February of that year the judgment debtor transferred in writing to his wife his Buick automobile upon which the execution soon thereafter was levied. The General Motors' Acceptance Corporation held against the automobile a conditional sales contract to secure the purchase money, which provided among other things that the title should remain in the General Motors Company until the purchase money was paid. The transfer by the judgment debtor to his wife recited as consideration therefor the sum of $152.58 theretofore paid by her for him on the purchase price of the car, and her assuming the re-

maining purchase money instalments in arrears and those to mature in the sum of $305.16. The evidence tended to show that the value of the car above the purchase money due thereon was not more than $250. The wife claimed that the car was exempt to the judgment debtor from execution under section 1766 of the Code of 1930, which provides among other things that every citizen householder having a family shall be entitled to hold exempt from seizure or sale under execution or attachment personal property to be selected by him or her not to exceed in value $250, or the articles specified as exempt to the head of a family by section 1755 of the Code. The right of the wife to make the claim is questioned, the contention being that the judgment debtor alone could make it.

Although an exemption is a personal privilege and as a general rule cannot be taken advantage of, except by the execution or attachment debtor, an exception is that his wife can make the claim for him. 25 C. J., sec. 232, p. 131.

The case comes down to this: If the automobile was exempt to the judgment debtor, his wife got it freed from the judgment. If the judgment debtor claimed the exemption given by section 1755 of the Code, he was not entitled to the $250 exemption provided by section 1766, and the converse is true. The evidence fell short of solving that question. The trial court proceeded on the idea that the burden to do so was on the claimant. This was error. The burden of proof on the trial of the right to property taken under execution or attachment is on the plaintiff in the execution or attachment, and not on the claimant. Ross v. Garey, 7 How. 47, 8 Miss. 47; Thornhill v. Gilmer, 4 Smedes & M. 153, 12 Miss. 153; Atwood v. Meredith, 37 Miss. 635; Butler v. Lee, 54 Miss. 476.

The plaintiffs in execution having failed to meet that burden, the court erred in rendering the judgment. However, there are indications in the record that on another trial the plaintiffs in execution will be able to meet that

requirement. For that reason we reverse the judgment and remand the cause.

If the judgment creditors should recover a judgment on another trial the measure of the liability of the wife on her claimant's bond will be the value of the automobile at the time the judgment became a lien thereon, less the amount of the unpaid purchase money due and to become due.

Reversed and remanded.