REED *v.* GENERAL MOTORS ACCEPTANCE CORPORATION

No. 40154          May 7, 1956          87 So. 2d 95

*J. A. White,* Durant, for appellant.

*King & King,* Durant, for appellee.

124

GILLESPIE, J.

A writ of execution was issued on a judgment entered in favor of appellee, General Motors Acceptance Corporation, against Jimmie Reed, and under this writ the sheriff seized a pickup truck which was in possession of appellant, Magnolia Reed, the wife of Jimmie Reed. Appellant filed a claimant's affidavit, claiming that she was the owner of the seized truck.

Upon trial of the issue, the plaintiff in execution did not assume the burden and go forward with its proof as required by Section 1025, Mississippi Code of 1942. Instead, for reasons not appearing in the record, the claimant first put on her proof. The plaintiff in execution did not offer in evidence the judgment, writ of execution, or the officer's return. Its testimony only went to ownership of the truck, and on that issue, the evidence was conclusive that the seized truck was bought in the name of Jimmie Reed, who signed the conditional sales contract evidencing deferred payments; and the truck traded in as a part of the purchase price had likewise been bought in the name of Jimmie Reed. However, the proof was sufficient to show that appellant made all or most of the payments on the seized truck. There had been no transfer of title from Jimmie Reed to his wife, and as far as title to the truck was concerned, the trial judge, who heard the case without a jury, was justified in finding the title thereto was in Jimmie Reed.

A part of the burden devolving upon the plaintiff in execution upon the trial of a claimant's issue is to produce evidence of his right to proceed against the property before claimant could be put on her defense.

This includes the judgment on which the execution is issued, together with the writ of execution. Ross v. Garey, 8 Miss. 47; Reeson-Moore Motor Co., et al v. Catlett, 128 Miss. 865, 91 So. 564; Blalack v. Stevens, 81 Miss. 711, 33 So. 508. Cf. French v. Sale, 60 Miss. 516.

■■ The failure to introduce the judgment and writ of execution was fatal error. The clerk incorporated these papers in the file but they were not introduced in evidence, and under the authorities cited, could not be considered.

■■ The parties made an issue as to the sufficiency of the return of process on Jimmie Reed upon which the original judgment was rendered. The officer's return on the process was as follows: "Executed by personal service on the within named Jimmie Reed this 24th day of February, 1955," followed by the officer's signature. On this process, default judgment was rendered against Jimmie Reed.

While the judgment against Jimmie Reed was not introduced, it, along with the declaration, summons and return, was copied in the record. We notice the issue last stated since it will probably arise on remand of the case. The attack thus made on the original judgment is a collateral one. Unless the judgment is void, it is not subject to collateral attack. ■■ A judgment cannot be impeached in a collateral proceeding on the ground that the return of service of process is defective, irregular, or informal, particularly where the defect or irregularity is amendable. Reeves Grocery Co. v. Thompson, 105 Miss. 729, 63 So. 187; Vicksburg Grocery Co. v. Brennan, 20 So. 845; Green v. Taylor, 111 Miss. 232, 71 So. 375; Jackson v. Redding, 162 Miss. 323, 138 So. 295; 49 C.J.S. Judgments, Sec. 422 (b), Sec. 423; Cockrell v. Wynn, 20 Miss. 117, Harrington v. Wofford, 46 Miss. 31; Martin v. Miller, 103 Miss. 754, 60 So. 772; Kelly v. Harrison, 69 Miss. 956, 12 So. 261; 31 Am. Jur., Sec. 598. ■■ The return was amendable. Jimmie Reed had no-

tice of the suit. The defect in the return is not such that the judgment is void, even if we concede that it is voidable and subject to direct attack. The case of Dogan v. Barnes, 76 Miss. 566, 24 So. 965, has been duly considered. If it can be said to be in point, it must be said that it stands alone against a mountain of authority. We decline to apply it under the present circumstances.

For the reasons stated, we reverse the judgment and remand the case.

Reversed and remanded.

*McGehee, C.J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.