RODGERS, Justice:
This case has been before this Court on two previous occasions. They are reported in 249 Miss. 334, 161 So.2d 784 (1964); 249 Miss. 334, 163 So.2d 231 (1964).
On previous appeals, we held that the decree pro confesso in the original case and the final decree were erroneously entered at a time when there was on file an un-disposed of defensive pleading, and we said: “We are of the opinion that the decree pro confesso, and the final decree entered in the trial of the instant case, should be reversed and set aside so that the chancellor may then pass upon the pending demurrer, and the motion of the appellant Catherine C. Martin to the end that the cause may be determined upon its merits.” (249 Miss. 344, 161 So.2d 787) We pointed out that Catherine C. Martin had not been afforded her “day in court” as a claimant of the property levied upon alleged to have belonged to her husband, Frank A. Martin. The original suit was brought against Catherine C. Martin for the purpose of showing that the property described in the original bill was in fact the property of her husband, Frank A. Martin. The pleading of Catherine C. Martin was not heard because the court ordered her to pay advance costs, and upon failure so to do, her claim was dismissed. The final decree of the chancery court was set aside on appeal insofar as it affected the claim of Catherine C. Martin, and was therefore not binding against her. Frank A. Martin did not appeal. The decree was final insofar as he was concerned. The original bill in the chancery court filed by the judgment creditor, Ruben R. McGraw against Frank A. Martin and wife Catherine C. Martin alleged that such property previously levied upon as the property of Frank A. Martin and claimed by his wife was, in fact, the property of Frank A. Martin, or that he was acting as the agent of his wife.
When this case was previously reversed and the opinion and mandate were returned to the trial court — instead of giving the appellant her day in court, both as to questions of the law as to whether or not the bill stated a cause of action, and questions of fact as to whether or not she was in fact the owner of the property — the trial court, on motion of the creditor, dismissed the suit against the claimant Catherine G. Martin, and proceeded to direct execution against the property claimed by Catherine C. Martin. The court obviously acted upon the theory that since the original decree was *444 final as to Frank A. Martin, the execution and seizure of the property, as his property, was proper, after the bill was dismissed as to Mrs. Martin.
Execution was issued and the Sheriff of Lauderdale County seized the property described in tire original bill and sold it at an execution sale on January 4, 1965. On that date, Catherine C. Martin and her son, Frank C. Martin, filed claimants’ affidavits to certain portions of the property seized by the sheriff, and to the funds held by the sheriff as proceeds of the execution sale. On February 15, 1946, the chancellor entered an order directing that an issue be made up between the judgment-creditor and the claimants for the trial of the rights of property. The claimants tendered the issue to the judgment-creditor as to the ownership of the property, and at the same time pleaded res judicata.
When the issue was tried, the judgment-creditor made a motion to strike the plea of res judicata, and offered as proof on the issue the former decree of the chancery court dated May 22, 1963, and the opinion and mandate of the Supreme Court on the former appeal. He also introduced the motion and order of the court dismissing the original bill as against the claimant Catherine C. Martin. He introduced the execution, and the officer’s return showing the sale of the property seized, and offered to show the value of the property as set out in the return.
The claimants tendered an issue reviewing the history of the case and challenged the right of the judgment-creditor to dismiss the suit against claimant Catherine C. Martin for the purpose of issuing an execution on her property as if it were the property of her husband.
The trial court entered an order striking the tender of the issue by the claimants and the plea of res judicata. Thereupon, the claimants offered to show in evidence the circuit court file No. 6658 for the purpose of showing res judicata. The chancellor sustained the motion to dismiss the claimants’ tender of issue and their plea of res judicata, and refused to permit the claimants the right to introduce evidence.
We are of the opinion that the action of the chancellor in dismissing the claims was reversible error and was prejudicial to the interest of claimants. The proof introduced by the judgment-creditor was insufficient to establish the ownership of the property because the original decree appealed from in the former appeal was set aside by this Court insofar as the claim of Catherine C. Martin was concerned, and it is the basis of the proof of ownership introduced by the judgment-creditor upon the claimants’ issue.
Upon the issue of the trial of the rights of property, the burden of proof was upon the judgment-creditor to show that the property seized under execution was the property of the judgment-debtor. Mississippi Code Anno. § 1025 (1956); Reed v. General Motors Acceptance Corp., 228 Miss. 121, 87 So.2d 95 (1956); Reid v. Halpin, 185 Miss. 396, 188 So. 310 (1939); Third Nat’l Bank of St. Louis v. Reeves Grocery Co., 113 Miss. 35, 73 So. 866 (1917); Ott v. Smith Bros., 68 Miss. 773, 10 So. 70 (1891); Selser v. Ferriday, 13 Smedes & M. 698 (1850); Thornhill v. Gilmer, 4 Smedes & M. 153 (1845); and Ross v. Garey, 7 How. 47 (1843). The introduction of the decree against the judgment-debtor was not sufficient to establish ownership against the claimants.
We do not find it necessary to discuss the validity of the order dated December 18, 1964, because it is now moot. Moreover, an order directing the issuance of an execution against the judgment-debtor was not necessary since an execution might have been issued on the judgment against him at any time.
The decree of the chancery court dismissing the claimants’ affidavits and plea of res judicata is reversed, and the *445 claimants’ affidavits and pleas are reinstated, so that the chancery court may determine, upon proof, the issue of ownership and may determine the issue of res judicata. Nothing less than a hearing— upon the plea, and if it is overruled, a full hearing upon the claimant’s issue — will satisfy the constitutional right of claimant to due process of law.
Reversed and remanded.
GILLESPIE, P. J., and BRADY, PATTERSON and SMITH, JJ., concur.