PETER ROSETTO v. CITY OF BAY ST. LOUIS.

[52 South. 785.]

1. JUDGES. *De facto officer. Validity of acts. Title to office. Determination.*

A person actually in possession of an office under color of title, by authority of those having power to elect, and performing its functions, is a "*de facto* officer," and his official acts cannot be impeached in any proceeding in which he is not a party.

2. SAME. *Municipality. Mayor pro tempore.*

Under a municipal charter giving the aldermen power to appoint a mayor *pro tempore* when the mayor is absent from the city, or unable from any cause, or fails, to discharge the duties of his office, where the aldermen exercised the power because the mayor was a witness against a party charged with violating an ordinance, the legality of the appointment, and of a special session of aldermen at which the appointment was made, cannot be considered on appeal from a conviction of the offense on a trial before the person so appointed.

3. MUNICIPALITIES. *Police regulation. Code 1906, §§ 1208, 3329, 3441. Gambling house.*

Under Code 1906, § 3329, giving the mayor and aldermen of cities authority to make police regulations (made applicable to all municipalities by Code 1906, § 3441), a city had power to pass an ordinance making any act amounting to a misdemeanor under the laws of the state an offense against the municipality, thereby making it an offense against the city to violate Code 1906, § 1208, prescribing a punishment for conducting a gambling house.

4. CRIMINAL LAW AND PROCEDURE. *Keeping gambling house. Evidence. Resisting arrest. Other crimes.*

In a prosecution for violating a city ordinance by conducting a gambling house, evidence that, when defendant's house was raided and the arrest made, he had a gun and pointed it at the officers making the raid and the arrest, was admissible, not to show him guilty of another offense, but as throwing light on the question of his guilt of the crime for which he was arrested.

5. Same. *Same. Reputation. Hearsay.*

> In a prosecution for violating a city ordinance by conducting a gambling house, evidence that defendant's house had the reputation of being a gambling house was inadmissible, being hearsay.

From the circuit court of Hancock county.

Hon. William H. Hardy, Judge.

Rosetto, appellant, was tried and convicted in the municipal court of Bay St. Louis, presided over by a mayor *pro tempore,* of violating an ordinance of the city making it an offense to keep a gambling house; he appealed to the circuit court, was there tried *de novo,* again convicted and appealed to the supreme court. The facts are stated in the opinion of the court.

*E. J. Gex,* for appellant.

The first thing we wish to consider is the refusal of the trial court to overrule the motion to quash the affidavit. Under the agreed statement of facts the appellee was operating under a special charter, as provided in the acts of 1886. Under this charter the mayor is to act as police justice and is the proper officer to try cases. Under this charter the only right that the board of aldermen of the city had to appoint a mayor *pro tem* is the right expressly given them in said acts. One duly appointed would have the right to act as mayor *pro tem;* but no one could legally be appointed to act as mayor unless the mayor was absent or unable to attend to the duties of his office. The record in this case fails to sustain the contention of appellee that such was the case. *Klaus v. State,* 27 Wis. 462.

Admitting that in such cases the board of aldermen had a right to appoint a mayor *pro tem,* yet the charter provides that the mayor should by such appointment be vested with all the powers and rights and perform all the duties and receive the compensation and perquisites belonging to said office during his incumbency. If the board had the right to appoint a mayor

*pro tem,* it should have done so as provided by the charter of the city, and not in any other manner. One R. W. Webb was elected by the board as mayor *pro tem,* and as far as the record discloses, it was for the sole purpose of trying this case.

The most serious error committed by the court below in the trial of this case was allowing appellee to introduce evidence over objection of appellant, that his house had the reputation of being conducted for the purpose of gambling. A single or an occasional game of cards, even if played for money, does not constitute a place kept for gaming. 14 Am. & Eng. Ency. of Law, 696. The gaming must be so continuous and frequent that it can be said that it is the business or occupation carried on in the house. Therefore, if the house is used for other purposes mainly, then one or more acts of gambling would not necessarily constitute it a gambling house.

In a case of this kind no evidence to show the nature of the house or the purpose for which it was run, should have been allowed to be introduced. *Handy v. State,* 63 Miss. 207.

*James R. McDowell,* assistant attorney-general, for appellee.

Learned counsel for appellant insists that under the provisions of the charter of the city of Bay Saint Louis, Laws 1886, § 23, the board of aldermen cannot elect a mayor *pro tem* unless the mayor be absent from the city, or be physically or mentally unable to perform the duties of his office. Counsel further insists that the word "unable" cannot mean that the mayor has an interest in the case because of the fact that he was summoned as a witness on behalf of the appellee. The court will give no such construction to the word. It is reasonable to assume that this court will here decide that the clause "unable, or for any other cause fail to discharge the duties of his office" means whether physically or mentally incapacitated, absent from the city, or any other cause whatever. Any other construction would con-

flict with the plain intent of the legislature, and would seriously interfere with justice being done in cases of this kind.

It is further contended by learned counsel for appellant that the ordinance passed by the board of aldermen and thereby electing Webb mayor *pro tem* "to try city cases referred to above" does not include the cases against this appellant. This ordinance, it will be observed, recites that Webb was elected mayor *pro tem,* "to try cases in the mayor's court wherein the mayor appears against defendants as witness." It appearing from the record that the mayor was a witness in behalf of appellee, this objection must fail.

It is shown by the record from the evidence of witnesses for appellee, including the mayor and others, that the house belonging to appellant was raided on the night that appellant was arrested, and there was sufficient testimony introduced to prove that a game was actually in progress at that time. It was further shown in evidence that the general reputation of appellant's house was that it was regarded and known as a gambling house. It was shown that the frequenters of the place were gamblers, and furthermore that appellant, himself, had the reputation of being a gambler. The reputation of the place is certainly competent as evidence. It is true that evidence of one or possibly two games would not be sufficient to convict appellant, but evidence to show the reputation of the place is admissible. If this were not the law, convictions would be almost impossible.

Anderson, J., delivered the opinion of the court.

The appellant was convicted under an ordinance of the city of Bay St. Louis for conducting a gambling house, and appeals to this court.

The following questions are presented for decision by this court: First, whether the mayor *pro tem.,* before whom appellant was tried and convicted, had the power to try him; second,

whether the city had the power to pass the ordinance in question; third, whether the affidavit charges any offense under the ordinances of the city; fourth, whether there was error in admitting testimony on behalf of the state that, when appellant was arrested, he had a gun and pointed it at the officers making the arrest; and, fifth, whether the court erred in allowing testimony on behalf of the state of the bad reputation of appellant's house for gambling—which questions we will dispose of in the order named.

Bay St. Louis is not under chapter 99, Code 1906. It has a separate charter of its own, which is found in Acts 1886, p. 434, c. 279, section 23 of which provides that, when the mayor is absent from the city, or unable from any cause, or fails, to discharge the duties of his office, the aldermen shall have power to appoint a mayor *pro tem.* The regular mayor being a witness against the appellant, the aldermen had a called meeting and elected R. W. Webb mayor *pro tem.* It is contended that the fact that the regular mayor was a witness against appellant in this case gave the aldermen no power under the charter to elect a mayor *pro tem.,* and therefore such mayor had no power to try the appellant, and, if mistaken in this, that the special meeting, at which the election was held, on a call which was not served on all of the aldermen at least three hours before the time fixed for the meeting, as required by Code 1906, § 3388, which is applied to all municipalities by section 3441, was without authority of law, and the election of mayor *pro tem.* void, and he was therefore without power to try appellant. These questions, however, are not for decision; for the legality of the election of the mayor *pro tem.* cannot be inquired into here. It is a well-settled principle of law that the right of a person to an office, who is in charge of it, performing its functions, cannot be determined, except in a proceeding to which he is a party. Section 23 of the charter gives the aldermen of Bay St. Louis the

power, under certain conditions, to elect a mayor *pro tem.* . Conceiving that those conditions existed, they elected one, who, with the consent of the regular mayor and aldermen, took charge of the office and tried the appellant. Where one is actually in possession of an office under color of title, by authority of those having the power to elect, he is an officer *de facto,* and his acts cannot be impeached in any proceeding in which he is not a party. *Bell v. State,* 38 South. 795; *Powers v. State,* 83 Miss. 691, 36 South. 6; *Cooper v. Moore,* 44 Miss. 386.

At the time of the trial and conviction of appellant, there was in force a general ordinance of said city, prohibiting, within its corporate limits, the commission of any act amounting to a misdemeanor under the laws of the state, and making the same an offense against the municipality. If the city had the power to pass such an ordinance, by it Code 1906, § 1208, became an ordinance of the city. It is contended it had no such power. That question is settled in the affirmative by the recent decision of *Hurley v. City of Corinth* (decided at the present term of the court), *ante* 396, 52 South. 695. Code 1906, § 1208, is a police regulation, and section 3329, which, by section 3441 is applied to all municipalities, expressly authorizes the passage of such an ordinance. The affidavit sufficiently charges a violation of Code 1906, § 1208.

It was not error to admit testimony that when appellant's house was raided and the arrest made he had a gun, and pointed it at the officers making the raid and the arrest. This testimony was competent, not to show that appellant was guilty of another offense, but as throwing light on the question of his guilt of the crime for which he was arrested. His conduct at the time, and any statements he made, are competent for that purpose. If appellant had requested it, the court should have instructed the jury as to the purpose for which such testimony was admitted.

Over the objection of appellant's attorneys, the court per-

mitted testimony to the effect that appellant's house had the reputation of being a gambling house. This was error. The charge against him was for conducting and permitting to be conducted gaming in his house, under Code 1906, § 1208. Under such charge, this testimony was not competent. This court held, in *Handy v. State,* 63 Miss. 207, 56 Am. Rep. 803, that on the trial of a person charged with keeping a bawdy house, evidence as to the general reputation of the house is incompetent, approving the rule laid down in *Wooster v. State,* 55 Ala. 217, which held that the charge of keeping a bawdy house is a specific offense, and susceptible of proof by witnesses who testify from knowledge, and that the reputation of the house is hearsay evidence, and is not admissible to prove a specific fact capable of proof by witnesses speaking from their own knowledge. In the instant case the charge against the defendant, of carrying on and permitting to be carried on games in his house, is susceptible of direct proof by witnesses speaking from their own knowledge, and hearsay evidence to that effect was not admissible.

For this error, which doubtless was influential with the jury, the judgment is reversed and the cause remanded.

*Reversed.*