UPCHURCH *v.* CITY OF OXFORD.

(In Banc. March 13, 1944.)

[17 So. (2d) 204. No. 35544.]

**J. W. T. Falkner,** of Oxford, for appellant.

R. L. Smallwood, Jr., of Oxford, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant was convicted of a misdemeanor in the municipal court of Oxford, Mississippi, before Mr. C. E. Harrison, acting as mayor and trial judge. The only question argued on this appeal in the able brief of appellant, and the only one we decide, is whether Harrison, when so acting as municipal trial judge, was at least a de facto officer. The question is presented under these circumstances: Mr. Branham Hume was elected mayor of Oxford in December, 1942, for a two-year term, beginning in January, 1943. At the January, 1943, meeting of the mayor and aldermen Mr. Hume requested, and was granted, leave to enter the armed forces of the United States for an indefinite time. At the same meeting the aldermen designated Mr. B. O. Elliott, an alderman, mayor pro tem in the absence of Mr. Hume. Mr. Elliott assumed the duties of mayor, but shortly thereafter the Governor of Mississippi commissioned Mr. Harrison as mayor. Mr. Elliott voluntarily relinquished the office and duties of mayor and Mr. Harrison assumed them. Harrison had continued to occupy and perform the duties of such office without contest to and including the time of this trial in March, 1943, and had been accepted and recognized by the public as mayor. Appellant did not raise at his trial the legality of Harrison's acts.

Was Harrison a de facto officer? This court, in Adams v. Mississippi State Bank, 75 Miss. 701, 725, 23 So. 395,

398, adopted this definition of a de facto officer: "An officer de facto is one who exercises the powers and discharges the functions of an office, being then in possession of the same under color of authority, but without actual right thereto." The court then added, "Many authorities of great value maintain that there must be color of title as well as color of authority, and this we strongly incline to think is the sound view." The admitted facts in this case bring Harrison within that definition. His appointment by the Governor was certainly color of title and of authority. It is not necessary for us to, and we do not, decide whether he was a de jure officer under such appointment. See Chap. 187, Laws of 1942, and Section 3765, vol. 3, Mississippi Code of 1942.

Being at least a de facto officer, were the acts of Mr. Harrison void? The opinion in the Adams case answers that, "There can be but one answer to the question, and that is, the judgment was not void. In all the adjudications we have been able to find, there is not a dissenting voice as to the absolute correctness of this answer. As to the public generally, and as to third persons, the judgment of a special de facto judge stands exactly in the attitude of a judgment rendered by a judge de jure, and this proposition rests upon considerations affecting the orderly administration of justice, and the welfare of society at large. We have examined a few cases in which the appointment and qualification of the officer were so wholly irregular and without warrant in law, as to lead the courts to declare the action of such officer voidable; but in these cases, even, the objection to the officer was required to be promptly interposed, and, where the litigants submitted themselves and their rights to the determination and judgment of such officer, they were denied the right subsequently to attack the authority of the officer after an adverse decision, and this appears to us to be reasonable and just." Rosetto v. Bay St. Louis, 97 Miss. 409, 52 So. 785; Alabama & Vicksburg R. Co. v. Bolding, 69 Miss. 255, 13 So. 844, 30 Am. St. Rep. 541; Bird

v. State, 154 Miss. 493, 122 539; Bell v. State (Miss.), 38 So. 795; Greene v. Rienzi, 87 Miss. 463, 40 So. 17, 112 Am. St. Rep. 449. In the Rosetto case, supra, the court said: "It is a well-settled principle of law that the right of a person to an office, who is in charge of it, performing its functions, cannot be determined, except in a proceeding to which he is a party." Section 4045, vol. 3, Mississippi Code of 1942, reads: "The official acts of any person in possession of a public office, and exercising the functions thereof, shall be valid and binding as official acts, in regard to all persons interested or affected thereby, whether such person be lawfully entitled to hold the office or not, and whether such person be lawfully qualified or not."

Affirmed.