CITY OF PASCAGOULA, et al. *v.* MAY, et al.

No. 43793 June 28, 1965 176 So. 2d 892

*Merle F. Palmer*, Pascagoula; *Blass & Smith*, Gulfport, for appellant.

*Edward J. Currie, Sr., Edward J. Currie, Jr.,* Hattiesburg; *Albert Sidney Johnston, III,* Biloxi, for appellees.

GILLESPIE, J.

This is an appeal from a judgment of the Circuit Court of Jackson County setting aside an order of the governing authorities of the City of Pascagoula adopting and filing the report of the election commission changing the form of government of said City from a commission form of government to a Council-Manager form of government. The appeal was effected by a bill of exceptions submitted by appellees, R. T. May, Jr., and others, to the mayor of said city, who signed the same in accordance with the provisions of Mississippi Code Annotated section 1195 (1956). We affirm the judgment of the circuit court.

The City of Pascagoula has at all times heretofore had a commission form of government, the governing authorities being a mayor and two commissioners (herein referred to as city council).

On February 10, 1965, the Clerk of the City of Pascagoula presented to the city council his certificate that there had been filed in his office petitions signed by more than twenty percent of the qualified registered voters of said city requesting an election to determine whether the existing form of government should be abandoned and the Council-Manager form of government installed. See Miss. Code Ann. § 3825.5-02 (1956). The city council entered an order on February 10, 1965, granting the petition of said qualified electors and ordered

an election to be held on March 30, 1965, and provided that the proposition to be voted on should be "For the present form of government" and "For the Council-Manager plan of government."

In accordance with the aforesaid order, the City Clerk prepared a "Notice of Election" calling for an election to be held on March 30, 1965. The notice included the order of the City Council dated February 10, 1965, and a certificate of the City Clerk. The notice and order were true and correct copies of that duly adopted by the City Council at a regular meeting held on March 2, 1965. The notice provided that the proposition to be voted on shall be "For the present form of government" and "For the Council-Manager plan of government." Said notice of election was published in a newspaper in Pascagoula on (Friday) March 5, 1965, and was scheduled to be published three more times on March 12, 19, and 26, 1965.

After said publication appeared in the newspaper on March 5, 1965, the city clerk entered on the minutes of the city council a false and fictitious order reciting that the matter of republishing the notice of election so as to provide the second proposition as called for in accordance with Mississippi Code Annotated section 3825.5-02 came on for consideration, and ordering published in The Chronicle on March 8, 15, 22, and 29, 1965, a "Notice of Election" as therein set forth in full, and providing in the purported order that the propositions to be voted for "shall be (1) 'For the present form of government' and "For the Council-Manager plan of government' and (2) 'For councilmen elected at large' and 'For councilmen elected by wards.' "

The city clerk then prepared a new "Notice of Election" providing that the propositions to be voted on "shall be (1) 'For the present form of government' and 'For the Council-Manager plan of government' and (2) 'For councilmen elected at large' and 'For councilmen

elected by wards.' '' The city council had not adopted any order designating the number of councilmen or dividing the city into wards in the event the Council-Manager plan of government be adopted. The notice calling for the election on March 30, 1965, on the two propositions above stated was published March 8, 15, 22 and 29th. The election was held and the election commission certified that it canvassed the returns of the election and that the vote was as follows: Proposition No. 1: For the present form of government 1,587. For the Council-Manager form of government 1,591. Proposition No. 2: For councilmen elected at large 954. For councilmen elected by wards 1,587. It further certified that there were 4,678 qualified voters in the city and 1,500 of them did not vote. In its report to the city council, the election commission pointed out that the notice of election did not conform to the order adopted by the city council on February 10, 1965, in that said order provided only for Proposition No. 1 to be submitted to the electorate, and that after the publication on March 5, 1965, the notice was changed by the city clerk to include Proposition No. 2.

On April 6, 1965, the city council, by a two-to-one vote, entered an order on the minutes of the city purporting to receive and file the report of the election commission and, in effect, adopting the Council-Manager form of government. Pursuant to said order, the mayor certified the results of said election to the secretary of state. The appellees appealed from said order of April 6, 1965.

The circuit court reversed the order of April 6, 1965, on the ground that the fictitious order, ordering the election, was invalid and the election was void and of no effect, and remanded the proceeding to the governing authorities of the City of Pascagoula, with directions to hold an election in accordance with law to determine whether the voters desire a change to the Council-Manager form of government.

 █ The learned trial judge was correct in setting aside the order of the municipal authorities. The order actually entered by the mayor and commissioners of February 10, 1965, calling for the election submitting the single question — whether the form of government should be changed — was valid. But the last four publications giving notice of the election and submitting the additional question as to how the councilmen were to be elected was based on a false and fictitious order. The last order calling the election was false; the certificate to the notice of election was false; the election was invalid; and the order of April 6, 1965, was void. These are not mere technicalities or irregularities in the order, notice, and election. The defects are fundamental. We have never known any court that held valid a proceeding based on false and fictitious public records. █ The integrity of public records and proceedings must be assured. This Court cannot, and will not, approve a proceeding grounded on a forged and fictitious order and a false certificate. No end, however desirable, would justify approval of the falsification of public records and proceedings.

Appellants contend that the election was valid because the original order for the submission to the electorate of only one proposition (whether the Council-Manager form of government should be adopted) was valid, and the election expressed the will of a majority of the qualified electors. But the election was not held pursuant to the valid order of February 10, 1965. That order was superseded by the false order entered on the minute book after March 5, 1965, which seems to have been backdated to February 10, 1965. As already indicated, no court should approve the falsification of public records. It is true, as contended by appellants, that the sole purpose of all elections is to fairly and honestly ascertain the will of the voters; but this presupposes an election held in accordance with valid proceedings and not elections based on false records and false notices.

It is further contended by appellants that an appeal from municipal authorities under Mississippi Code Annotated section 1195 (1956) lies only from a "judgment or decision," and that the order of April 6, 1965, was not necessary for the adoption of the Council-Manager form of government; that the effect of an affirmative vote on the question whether the Council-Manager form of government should be adopted is automatic without any action of the governing authorities of the municipality. In short, appellants contend that the order of April 6, 1965, was not a "judgment or decision" and was not appealable.

 █ We are of the opinion that the action of the city council on April 6, 1965, was an appealable order. In that order, the council received and approved the certification of the report of the municipal election commission and ordered officers to be elected under the Council-Manager form of government from the city at large. The effect of the order was to adopt the new form of government and approve that theretofore done in reference to the establishment of the Council-Manager form of government. It is true that the statute says the mayor "shall" immediately certify to the secretary of state that such city has adopted the Council-Manager form of government. Miss. Code Ann. § 3825.5-08 (1956). But when the entire proceedings are based on a false and fictitious order calling the election, and a false certificate to the notice of election, there is no duty and no power to adopt or approve such proceeding or to certify to the secretary of state that the Council-Manager form of government has been adopted.

An additional reason why the city council's order of April 6, 1965, was properly reversed by the circuit court is that the submission of the second proposition was misleading to the electorate. Section 3 of Chapter 548, Miss. Laws 1962, provided for a method of designating the number of councilmen and for dividing the city into

214

wards prior to the election for a change of government; and if no such ordinance is enacted prior to the election the number of councilmen shall be five and shall be elected at large. Miss. Code Ann. § 3825.5-09 (Supp. 1964). Submission of the second proposition ignored this statutory requirement, and necessarily led the electors to believe that if proposition two was carried councilmen would be elected by wards. This probably resulted in additional votes for proposition one. No one can say that the will of the voters has been expressed on proposition one unaffected by the misleading aspects of proposition two.

Counsel for the parties have asked this Court to answer several questions which are not properly before us. We decide one question only, and that is that the circuit court was correct in vacating and setting aside the order of April 6, 1965. Nothing else is before this Court. We affirm the judgment of the circuit court and appellants' supersedeas is dissolved as of this date.

Any suggestion of error or motion to correct judgment shall be filed on or before July 5, 1965.

Affirmed.

All Justices concur.