INZER, Justice:
This is a quo warranto proceeding brought in the name of the Sate of Mississippi on the relation of J. Guy Krebs, Erwin Caf-fey and Alvin H. Charlton, in the Circuit Court of Jackson County, seeking to remove from office appellees Bruce Bradley, May- or, and John O. Grant, Jr., E. J. Smith, Robert J. Dambrino, Jimmy H. Walker and W. L. Witchen, Councilmen, of the City of Pascagoula. The circuit court sustained a general demurrer to the complaint. Appellants did not request leave to amend, and judgment was entered sustaining the de *888 murrer. From this action appellants appeal io this Court.
The bill of complaint alleges that on March 30, 1965, a purported election was held in the City of Pascagoula for the purpose of determining whether the form of government of the city would he changed from that of commission form to council-manager plan. As a result of said election, the mayor and commissioners of the city entered an order which undertook to change the form of government to the council-manager plan. An appeal was had from this order to the Circuit Court of Jackson County, and on May 19, 1965, an order was entered by the circuit court declaring the election to be void. This order reversed the proceeding, with directions that another election be held on the question. The city appealed with supersedeas, and on June 28, 1965, this Court affirmed the order of the circuit court in the case of City of Pascagoula v. May, Jr., 254 Miss. 208, 176 So.2d 892 (1965).
The complaint further alleges that on June 8, 1965, a general election was held in the city for the purpose of electing a mayor and two commissioners for a term of four years, and that the appellants qualified as candidates in said election and were elected. The returns of the election were certified to by the Secretary of State, and on. July 5, 1965, they took office as mayor and commissioners, after having made bond and having taken the oath of office. It is then alleged that the mayor and one of the commissioners whose term of office had -expired on that date failed and refused to surrender their offices. Appellant Charl-ton was one of the commissioners who was serving, and he remained in office, but he alleges that he had been reelected to another four year term. The complaint also alleges..that on July 12, 1965, a temporary order was entered in the circuit court in Causes No. 7020, 7021, and 7022 directing that the officers who had been serving prior to July 5, 1965, continue in office. The proceedings and orders in these causes were made exhibits by reference.
The complaint further alleges that all the acts done by these officers after July 5, 1965, were void, and especially their purported order of July 16, 1965, which called another election on the question of whether there would be a change in the form of government of the city. It is-alleged that the order changing the form, of government as a result of the election and the holding of the election to elect officers under the new form of government was void. In support of this allegation all public records relative to these-proceedings were made exhibits thereto.. The complaint alleges that after their right to the office of mayor and commissioners-had accrued, that on July 9, 1965, the-legislature passed and the governor approved an act to amend Mississippi Laws 1962, chapter 548, section 2, appearing as Mississippi Code Annotated section 3825.5-04" (1962), to provide for the transition from, mayor-commissioner form of government-to council-manager form, and for related' purposes. Appellants allege that at the time the act was passed, their right to-serve as mayor and commissioner itnder the existing form of government had become fixed and that they were entitled' to serve as such for the next four years. It was alleged that the act of the legislature-was void because it was repugnant to the constitution and laws of the State of Mississippi, and to the Constitution of the-United States. The complaint prayed for-process returnable to the next term of' court requiring appellees to show cause-why the appellants should not be entitled'! to their respective offices.
To this complaint appellees filed a general demurrer and an answer which included a general demurrer. When the cause came on for hearing, counsel for" appellants and appellees entered into a stipulation that all the public records having-any bearing on the issues raised" by the-complaint be made a part of the record.
The only assignment of error is that-the trial court was in error in sustaining; *889 the demurrer. Appellants urge that the allegations of complaint state a cause of action, and that in ruling on the demurrer the circuit court could not go outside of the pleadings and consider the matters stipulated as a part of the record to be considered by the court. It is a general rule that the court in ruling upon a demurrer cannot go outside of the pleadings for information and consider matters of •evidence, but the court must base its ruling entirely on the language of the pleadings. However, in considering a demurrer the ■court must consider not only the facts alleged in the complaint, but must consider also the facts revealed by the exhibits to the complaint.
It is the rule also that where ■facts shown by the exhibits contradict allegations of the complaint, that such exhibits control. In this case all matters ■stipulated to be considered by the court ■were made exhibits to the complaint by reference. Therefore, they were properly before the court for its consideration in ■passing on the demurrer. The demurrer admitted all the facts alleged in the complaint and the exhibits thereto, but did not admit the conclusions of the pleader as to either the facts or the law.
The sole question to be determined on this appeal is whether the complaint and exhibits thereto are sufficient to show that the appellants are entitled to the relief for which they pray.
The allegations of the complaint are sufficient to show that appellants were elected to serve as mayor and commissioners of the City of Pascagoula, and that they qualified and attempted to take office. However, the complaint further shows that at the time of the election a petition of the City of Pascagoula to change its form of government was pending, and that the circuit court in declaring the election held thereunder to be void had ordered another election on the question. It shows further, that after' appellants had qualified and attempted to take office, a quo warranto proceeding was instituted by the district attorney against them questioning their claim to office. The order entered by the circuit court in this proceeding is important, and we deem it appropriate that it be set out in full. It is as follows:
This day this cause having come on to be heard on information in Quo War-ranto filed on behalf of the State of Mississippi by Donald W. Cumbest, District Attorney, Nineteenth Judicial District, against the above named defendants, all adult resident citizens of the City of Pascagoula, Mississippi, and all of whom have heretofore claimed possession and use of the office of Mayor and Councilmen of the City of Pascagoula, Mississippi, all of said defendants having been personally served with process as made and provided by law and personally appearing in open court and requesting additional time in which to plead, answer or demur to said Information and it appearing to the Court that it has jurisdiction over the parties and the subject matter, and the Court having been advised in the premises, does hereby find and adjudicate as follows, to-wit:
That this Court has jurisdiction of the subject matter and that all necessary and interested parties are properly and legally before the Court. That there has heretofore been filed with the City Commissioners of the City of Pascagoula, Mississippi a petition signed by at least 20% of the qualified votes thereof calling for an election to change the present form of government in said city from the Commission form to the Council-Manager form and that said Petition was certified and said election called:
That prior to the primary election there was filed with this Court a suit challenging the validity of said election on the change of the form of government and this Court entered an order holding *890 said election invalid from which an appeal was perfected to the Supreme Court with supersedeas;
That all of the defendants qualified and ran in said primary election and were defeated at the polls;
That said defendants prevailed upon the Election Commission of said City to place their names on the ballot in the General Election under the old form of Government, thereby causing two separate slates of officials names to be on the ballot in the General Election;
That said defendants only received 28.1 per cent of the votes cast in said General Election.
That-the Supreme Court of the State of Mississippi held that this Court was proper in holding said election void on the change of the form of government;
That on July S, 196S, all of said defendants were administered their respective oaths of office and have since said date claimed and used said offices as theirs;
That the Legislature of the State of Mississippi met in special session and enacted the necessary legislation to implement the calling of an election for the selection of officers in the event the people so vote for the change of government; that the Governor of the State of Mississippi has prevailed upon the old or present Mayor and Commissioners to remain in their offices until after the matter is heard on its merits and a final judgment entered thereon; that there has been presented facts on which the Court is aware that certain conflicts have arisen over said offices and that a chaotic condition now exists and will necessarily continue so long as there are two sets of City officials attempting to govern the City of Pascagoula; that said condition has created an untenable situation; that it is absolutely necessary and mandatory that the City Government of the City of Pascagoula shall continue to operate and function in the manner required by law so as to protect the citizens, employees, officers, servants and agents of said City, the tax payers and residents thereof, the creditors and depositories thereof and persons paying money into' the hands of said City that a serious and catastrophic health hazard could come about if said city were not to continue to function. That it is necessary that the water, gas, sewage and other utility departments of said city continue to operate to avoid such health hazards. That it is necessary that the police department and fire department and other ancillary services of said city continue to operate to protect the public interest and general welfare of the citizens and residents of said city; that in order, that these functions, and all others, required of said city, continue to operate it is absolutely necessary and mandatory that the employees, officers, servants and agents of said city be paid in the normal manner and that the other services rendered by the city and the supplies and equipment necessary therefor be purchased and paid for, in the manner required by law, and that all third parties dealing with said city be protected in their dealings and transactions with said city; and that this Court is of the opinion that a temporary order should be and is hereby entered by this Court whereby the present Mayor and Commissioners, Mr. Ben Briggs, Mr. Vincent Ros and Mr. Alvin H. Charlton shall continue in their respective offices until after the matter is heard on its merits and a final judgment entered thereon.
IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that the present Mayor and Commissioners, of the City of Pascagoula, Mississippi, Mr. Ben Briggs, Mayor and Mr. Vincent Ros and Mr. Alvin H. Charlton, Commissioners, he, and they are hereby authorized, empowered and directed to continue in their *891 respective offices until such time as their •duly qualified successors take office.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said officers he, and they are hereby authorized and empowered to do any and all acts and things and to perform any and all duties required of them by virtue of Sections 3374-52 and Sections 3374— 53, Mississippi Code of 1942 as amended, and together with such other duties and responsibilities as are authorized or required by the laws of the State of Mississippi governing municipalities therein, including but not limited to, the receiving and receipting for all monies or other funds coming into their hands and to deposit the same in the depositories of said city and to execute and draw such warrants against the proper funds in the municipality for all claims and allowances made, including payrolls, all accounts payable, warrants executed on behalf of the Pascagoula Municipal Separate School District, payment on bonded indebtedness as the same accrue and such other indebtedness as is required to be paid by law; and that said Order is made so as to allow said City to resume its normal operation and to alleviate the chaotic condition condition (sic) now existing until said cause may be heard on its merits.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that said officers be, and they are hereby authorized, empowered and directed to call a special election to change the form of Government as directed by the final order of this Court in the case of R. T. May, Jr., et al versus the City of Pas-cagoula, Mississippi, et al, Number 6971 on the Docket of this Court and dated May 19, 1965 as affirmed by the Supreme Court of Mississippi on June 28, 1965.
Appellants contend that the foregoing order is void. However, it is regular on its face, showing that the court had jurisdiction of the subject matter and the parties involved. The attack on this order by appellants is a collateral attack, and since it is regular on its face, showing that the court had jurisdiction of the parties and subject matter, it cannot be set aside by a collateral attack, in the absence of fraud or collusion. - The complaint does not charge fraud or collusion. Reed v. General Motors Acceptance Corp., 228 Miss. 121, 87 So.2d 95 (1956); Scott County v. Dubois, 158 Miss. 245, 130 So. 106 (1930).
The effect of this court order was to continue the mayor and commissioners who were serving prior to July 5 in office. They were at least de facto officers, and as such their actions thereafter were not void, as contended by appellants. In Upchurch v. City of Oxford, 196 Miss. 339, 17 So.2d 204 (1944), there is found the definition of a de facto officer. It is as follows: “An officer de facto is one who exercises the powers and discharges the functions of an office, being then in possession of the same under color of authority, but without actual right thereto.” 196 Miss. at 344, 17 So.2d at 204. 'It is apparent that the mayor and commissioners who were holding office by virtue of the above quoted court order were at least de facto officers. As such officers their acts were not void. All the authorities are of one accord in holding that the acts of the de facto officers are not void. We have so stated in a number of cases. Furthermore, Mississippi Code Annotated section 4045 (1956) settles this question. It provides:
The official acts of any person in possession of a public office, and exercising the functions thereof, shall be valid and binding as official acts, in regard to all persons interested or affected thereby, whether such person be lawfully entitled to hold the office or not, and whether such person be lawfully qualified or not; but such person shall be liable to all the penalties imposed by law for usurping or *892 unlawfully holding office, or for exercising the functions thereof without lawful right, or without being qualified according to law.
The complaint and the exhibits thereto show that on Tuesday, August 10, 1965, pursuant to a proper order of the mayor and commissioners, another election was held to determine whether the citizens of Pascagoula desired to adopt the council-manager form of government. The return of the election commission shows the results of the election. They were, for the present form of government, 778, and for the council-manager plan, 2,209. The mayor and commissioners then entered an order declaring that those voting in the election had by majority vote decided to have the council-manager plan. An election was held for officers under this plan as provided by statute. This election resulted in the election of the appellees to the offices heretofore designated, and they are serving in such capacities.
Appellants allege in their complaint that since they had already been elected to office under the commission form of government at the time the legislature amended Mississippi Code Annotated section 3825.-5-04 (Supp.1964), their term of office was fixed for a term of four years beginning July 5, 1965, and that the action on the part of the legislature was an attempt to legislate them out of office and was in disregard of their rights and repugnant to the constitution of the state of Mississippi and the Constitution of the United States for several reasons. Section 3825.-5-04, prior to the 1965 amendment, provided that the officers of a city or town holding office at the time the council-manager plan was adopted would continue in office until the expiration of the respective terms of office. The amendment reads as follows:
Provided, however, that when (1) a petition shall be on file with the governing authorities of a municipality, and such petition being in proper form as provided by law, calling for an election on the question of whether or not a municipality shall adopt the council-manager plan of government prior to a regular general election held for the purpose of electing municipal officials, or (2) when there shall be litigation pending concerning the question of transition in the form of government to the council-manager plan prior to the entry into office of any persons elected in a regular general election, then such officers who take office as provided by Section 3374-62, Mississippi Code of 1942, Annotated, Recompiled, in event the determination of the question is in favor of a transition, shall order an election be held to select officials under the council-manager plan, who shall take office immediately upon their election. Such election shall be held thirty (30) days from the date of such final determination, whether such determination be made by election returns duly certified by the election commissioners of the municipality, or otherwise. Provided, further, that such election shall be held as provided by Section 3374-64, Mississippi Code of 1942, and Section 3260, Mississippi Code of 1942, as last amended by Section 2, Chapter 405, Laws of 1956; but that the petition of any candidate shall be filed not less-than fifteen (15) days prior to the date of the election. Miss.Laws 1965, ch. 20, § 2.
The power of the legislature to-create or abolish municipal corporations is-beyond question. It is likewise beyond' question that the legislature may provide by general laws for the change of the forra of government of a municipal corporation and that their acts in doing so are valid even though they may result in legislating officeholders out of office. In Mayor and Board of Aldermen of City of Jackson v. State ex rel. Howie, 102 Miss. 663, 685-686, 59 So. 873, 874-875 (1912), this Court said:
It is rightfully said that the effect of the election in the present case is to *893 abolish the offices and officers holding office by election under chapter 99 of the Code. It is admitted that the office may be abolished, but it is insisted that section 175 of the Constitution prescribes the only method for the removal of public officers. We think this is true, so far as the courts are concerned. No public officer may be removed by any sort of court procedure, except it be done in accordance with the provisions of section 175; and it is also true that no executive or judicial officer has the power to remove public officers. It may be conceded, for the purposes of the present case, that the Legislature cannot legislate out of office constitutional officers, and that the offices of municipalities belong to that class, but we think that this statement is perhaps not altogether accurate. When the purpose of the law is to accomplish this alone, the law is undoubtedly unconstitutional, but where the general purpose of the law is a lawful exercise of the legislative power, and the incidental effect of the law is to abolish certain officeholders, the act would not be in violation of the constitutional rights of the officers. Conner v. Gray, 88 Miss. 497, 41 South. 186, 9 Ann. Cas. 120.
Appellants allege that the purpose of the amendment to section 3825.5-04, supra, was to legislate them out of office. The purpose of the amendment is stated in the title. The title and the amendment 'itself reveal that its purpose was to provide for an orderly transition from mayor-councilman or alderman form of government to council-manager plan of government under the circumstances set out in the amendment. In order for a court to find that the legislature had some other purpose, it would be necessary to inquire into the antecedents of the amendment. The validity of an act of the legislature cannot be tested by its history, although under some circumstances the history of an act may be useful in construing the act. The validity of the act must be determined from the finished product of the legislature.' Hunt v. Wright, 70 Miss. 298, 11 So. 608 (1892).
The complaint alleges that the amendment is unconstitutional for several reasons. We have carefully considered the amendment in the light of these allegations, and we find that the enactment of this amendment was within the constitutional power of the legislature. Furthermore, it did not deprive appellants of any vested constitutional right.
For the reasons stated, we hold that the order of the circuit court in the quo war-ranto proceeding against appellants herein was not void, and that the acts of the mayor and commissioners as de facto officers until appellees were elected and took office under the new form of government were valid. We further hold that the amendment to section 3825.5-04 is not unconstitutional. This being true, the complaint and exhibits thereto show on their face that appellees are the duly elected and qualified officers of the City of Pascagoula, and that the appellants are not entitled to the relief prayed for. The action of the circuit court in sustaining the demurrer was correct, and the cause is hereby affirmed.
Affirmed.
ETHRIDGE, C.' J., and JONES, PATTERSON and ROBERTSON, JJ., concur.