801 So.2d 824 (2001)
Charles CHAMBLISS a/k/a Charlie R. Chambliss, Appellant
v.
STATE of Mississippi, Appellee.
No. 2000-KM-01228-COA.
Court of Appeals of Mississippi.
December 11, 2001.
Charles Chambliss, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, Jackson, Attorney for Appellee.
*825 Before McMILLIN, C.J., BRIDGES and CHANDLER, JJ.
McMILLIN, C.J., for the Court.
¶ 1. Charles Chambliss has perfected an appeal from his conviction on three misdemeanor charges after a bench trial in the Jefferson County Circuit Court. That trial followed Chambliss's appeal of his conviction on the same charges in the Justice Court of Jefferson County.
¶ 2. All charges arose out of a single incident when Chambliss was stopped for an alleged traffic violation by Maurice Hutson, an elected constable in Jefferson County. Chambliss raises two issues on appeal.
¶ 3. In one issue, he claims that the stop and subsequent charges were without any basis in fact and were a retaliatory action by Hutson against Chambliss for having opposed Hutson in a previous election. Chambliss presented no evidence to support this claim nor did he cite any authority that such a claim, even if proven to the Court's satisfaction, would provide a defense to the underlying allegations of criminal behavior lodged against him. We, therefore, decline to consider this issue. Tubwell v. Anderson, 776 So.2d 654, 661(¶ 21) (Miss.2000).
¶ 4. Chambliss also alleges that Hutson was no longer a duly-constituted law enforcement official at the time of the incident because he had permanently removed his residence outside the district from which he was elected and had, by that action, automatically forfeited his office pursuant to the provisions of Section 25-1-59 of the Mississippi Code of 1972. Chambliss contends that Hutson was elected as constable from the eastern district of the county but had, at some point prior to the arrest, removed his residence to the western district of the county, thereby effectively forfeiting his office and its accompanying powers of arrest. The part of Section 25-1-59 pertinent to this case states that "[i]f any ... county district... officer during the term of his office shall remove out of the ... district... for which he was elected ... such office shall thereby become vacant...." Miss.Code Ann. § 25-1-59 (Rev.1999).
¶ 5. The factual basis for Chambliss's position on this issue appears in the cross-examination of Hutson in which the following exchange occurred:
Q. Were you registered to vote on the east side at the time of this incident?
A. No, sir, I was west.
Q. Was you elected as constable on the east side?
A. Yes, sir....
¶ 6. There is no indication that any proceedings had been commenced to formally compel Hutson to vacate the office of constable, such as occurred in the only case cited by Chambliss in support of his argument, Moore v. Sanders, 558 So.2d 1383, 1384 (Miss.1990). Furthermore, we find this brief exchange during Hutson's cross-examination did not legitimately create such reasonable doubt as to Hutson's right of office that no conviction for criminal offenses growing out of the exercise of his arrest powers could be upheld. The evidence showed, beyond question, that Hutson was an elected constable and that, no matter what more definitive proof may have been shown concerning his right to continue in that office, he was in fact operating in that position under color of law at the time of Chambliss's arrest. In that circumstance, the law treats such a person as a de facto official, even if, due to some technical failure in his qualifications, he is not a de jure official. U.S. v. Williams. 416 F.2d 4, 6 (5th Cir.1969); Upchurch v. City of Oxford, 196 Miss. 339, 17 So.2d 204 (1944). Statutory authority for this proposition is found in Section 25-1-37, which states, in part, as follows:

*826 The official acts of any person in possession of a public office and exercising the functions thereof shall be valid and binding as official acts in regard to all persons interested or affected thereby whether such person be lawfully entitled to hold the office or not....
Miss.Code Ann. § 25-1-37 (Rev.1999).
¶ 7. By our analysis, we do not mean to suggest that we have concluded that Hutson had so far forfeited his right to office as to remain only a de facto public officer. We simply use that analysis to demonstrate that, even were it to be conceded for sake of legal analysis that Hutson had effectively forfeited his office by removing himself from the district from which he was elected, so long as he continued to hold the office and exercise its powers, he continued to have authority to do so as a de facto constable, at least until some formal determination of his ineligibility was made in a proceeding in which he was a party. Rosetto v. City of Bay St. Louis, 97 Miss. 409, 52 So. 785, 786 (1910).
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY OF CONVICTIONS OF CARELESS DRIVING WITH A FINE OF $111, DISORDERLY CONDUCT WITH A FINE OF $603.50, IMPROPER LICENSE WITH A FINE OF $96, AND SENTENCE TO SERVE SIX MONTHS IN THE COUNTY JAIL, SAID SENTENCE BEING SUSPENDED WITH CONDITIONS, IS AFFIRMED. THE COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.