# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60883
Summary Calendar

LATARA KEMP, A Minor, By and Through Vera Kemp, Her Natural
Mother; VERA KEMP, Individually; ALONDUS ANDERSON

Plaintiffs-Appellants

v.

WILLIE J PERKINS, SR; SHERIEL PERKINS; WILLIE J PERKINS, JR;
TAKIYAH PERKINS; JAMAL PERKINS, A Minor, By and Through
Willie J Perkins and Sheriel Perkins, His Natural Parents;
CARLA WILLIAMS; JAMES LITTLETON, In His Official and
Individual Capacites; KEITH ARMSTRONG, In His Official
Capacity; WEBSTER NUEL, In His Official Capacity; COUNTY OF
LEFLORE; SOLOMON OSBORNE; KIARA WILLIAMS, a Minor, By and
Through Carla Williams, her Natural Mother

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:07-CV-41

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Appellants Latara Kemp ("Kemp"), Vera Kemp, and Alondus Anderson ("Appellants") challenge the district court's grant of summary judgment in favor of defendants Leflore County, Solomon Osborne, and James Littleton ("Appellees"), claiming that judicial immunity was improperly applied. Appellants contend that the district court erred in finding judicial immunity because (1) Osborne's appointment of Littleton as a special judge was not a judicial act; and (2) Osborne had no jurisdiction to appoint a special judge, thus, Littleton had no authority to detain Kemp. Finding that judicial immunity was properly applied, we affirm the district court's summary judgment order.

## I. Background

The facts underlying this appeal are largely undisputed. In 2004, Osborne appointed Littleton as a special judge under Mississippi Code § 43-21-113 by general standing order.[1] On May 5, 2006, Kemp was arrested, booked, and detained in connection with a civilian complaint that she had assaulted another individual with a firearm. She was released the next day. On May 9, 2006, Leflore County, Mississippi Youth Court Judge Osborne conducted a detention hearing and ordered Kemp detained. After the detention hearing, Osborne entered an order that stated that he "will" recuse himself because Kemp's attorney was representing an individual in a separate case filed against Osborne in his personal capacity, ordered Kemp detained until a hearing could be held, and referred the case to "Special Judge Littleton" for further proceedings. Littleton conducted a subsequent detention hearing, ordering Kemp detained by order dated May 10, 2006.

---

[1] By a standing order dated August 2, 2004, Littleton was appointed special judge of all matters for which Osborne declared himself unable to serve under Mississippi Code § 43-21-113. That provision states, in part: "When a judge shall certify in writing that he is unable to serve because of illness or absence from the county or district, the judge may appoint as provided in Section 43-21-123 a special judge to serve in his stead. A special judge shall possess all the powers and perform all the duties of the regular judge." *See* MISS. CODE ANN. § 43-21-113 (1979).

Kemp challenged Littleton's authority by petitioning for a writ of prohibition in the Mississippi Supreme Court. The Supreme Court held that, "upon recusing himself, Judge Osborne lacked authority to take further actions in this matter," that Judge Osborne was without authority to appoint Littleton as special judge in the Kemp matter, and that all actions, rulings, and orders entered by Littleton in that case should be vacated. *See In re L.R. and Vera Kemp*, No. 2006-M-00830-SCT (Miss. May 26, 2006). The court also ordered Kemp released because she had been in custody for more than forty-eight hours. *Id.* Kemp subsequently filed a civil suit against Appellees and a number of other defendants, and the case was removed to federal court. The district court granted summary judgment as to defendants Osborne, Littleton, and Leflore County, finding that judicial immunity applied. This appeal ensued.

## II. Standard of Review

The district court's application of judicial immunity is a question of law, subject to de novo review. *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).

## III. Discussion

"Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). Officials whose responsibilities are functionally comparable to those of a judge are also absolutely immune from liability. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993); *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). Against a backdrop of broad applicability, there are only two exceptions to judicial immunity: (1) lawsuits challenging actions taken outside the judge's judicial capacity; and (2) lawsuits challenging actions taken in the "complete absence of all jurisdiction." *Davis v. Tarrant County Tex.*, No. 07-11223, 2009 WL 931169, at *5 (5th Cir. Apr. 8, 2009) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Appellants here claim that both exceptions to judicial immunity apply.

## A. Were the Acts in Question Judicial Acts?

In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge. *Id.* (citing *Mireles*, 502 U.S. at 12). This circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Id.* (citing *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005)); *see also McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir. 1972). These factors are broadly construed in favor of immunity. *Davis*, 2009 WL 931169, at *5 (citing *Ballard*, 413 F.3d at 515). Applying this test, we recently held that the act of selecting applicants for inclusion on a list of attorneys eligible for court appointment constitutes a judicial act protected by absolute judicial immunity. *Id.* at *9.

Considering this precedential backdrop, Osborne's appointment of Littleton as a special judge and Littleton's order detaining Kemp clearly constitute judicial acts. These instances of challenged conduct are normally performed by judges, occurred in or near a courtroom, concerned the case against Kemp pending in Leflore County's youth court, and arose directly out of visits to Osborne and Littleton in their official capacities as judge and special judge. Recusal, appointment of a special judge for a pending case, and the detention of a criminal defendant are not the types of administrative or ministerial conduct for which judicial immunity is unavailable.

The cases cited by Appellants either concern purely administrative decisions made outside the litigation process or do not stand for the proposition that Obsorne and Littleton's conduct was non-judicial. *See Forrester v. White*,

484 U.S. 219, 229 (1988) (declining to find a judge's demotion and dismissal of a probation officer a judicial act); *Richardson v. Koshiba*, 693 F.2d 911, 914 (9th Cir. 1982) (finding that the recommendation of candidates for judicial office does not constitute a judicial act); *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006) (holding that selection of attorneys for inclusion on Criminal Justice Act panels is a judicial act). The acts challenged by Appellants clearly pertain to the judicial function of "'resolving disputes between parties, or of authoritatively adjudicating private rights.'" *Antoine*, 508 U.S. at 435-36 (quoting *Burns v. Reed*, 500 U.S. 478, 500 (1991) (Scalia, J., concurring in judgment in part and dissenting in part)). Such acts are certainly no less "judicial" than the appointment of counsel we considered in *Davis*. Accordingly, they are judicial acts for the purpose of immunity analysis.

B. *Was There a Clear Absence of Jurisdiction?*

Appellants also urge that judicial immunity should not apply because the appointment of Littleton was done without subject matter jurisdiction. Judicial immunity does not extend to acts committed "in the clear absence of all jurisdiction[.]" *Holloway v. Walker*, 765 F.2d 517, 523 (5th Cir. 1985). However, this Court has broadly construed the term "jurisdiction," explaining:

> Where a judge does not clearly lack all subject-matter jurisdiction, he does not clearly lack *all* jurisdiction, and "the same principle of exemption from liability which obtains for errors committed in the ordinary prosecution of a suit where there is jurisdiction of both subject and person, applies in cases of this kind, and for the same reasons."

*Id.* (quoting *Bradley v. Fisher*, 80 U.S. 335, 352 (1871)) (emphasis in original). Indeed, "[w]here a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Adams*, 764 F.2d at 298 (citing *Bradley*, 80 U.S. at 352)). There is a meaningful distinction between judicial acts which occur in "excess of jurisdiction" – which receive judicial immunity – and those

which take place wholly lacking jurisdiction – which do not. *See Stump*, 435 U.S. at 356-57 (quoting *Bradley*, 80 U.S. at 352).

### 1. Osborne

We agree with the district court that Osborne's appointment of Littleton occurred in excess of his statutory authority, but that Osborne did not lack jurisdiction altogether. There is no doubt that as a Mississippi youth court judge, Osborne had statutory authority over the assault case against Kemp, including her detention. *See* MISS. CODE ANN. §§ 43-21-151, 301 (1979). In addition, Osborne had the statutory authority to appoint special judges. *See* MISS. CODE ANN. § 43-21-113. Indeed, the 2004 standing order appointing Littleton as special judge shows that Osborne had *some* subject matter jurisdiction to appoint a special judge. Although the Mississippi Supreme Court eventually held that Osborne was without statutory authority to appoint Littleton in *this particular* matter and vacated Littleton's orders, such ruling did not render Osborne wholly without jurisdiction to appoint a special judge under § 43-21-113. Osborne had the authority to appoint Littleton as special judge in particular circumstances; he simply exercised that authority incorrectly here. The Supreme Court has explained, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump*, 435 U.S. at 356-57 (quoting *Bradley*, 80 U.S. at 351).

In *Adams v. McIlhany*, 764 F.2d at 298-99, this Court found "some subject-matter jurisdiction" where a state criminal court judge improperly punished the mother of three defendants for "constructive contempt" after she sent him an accusatory letter complaining of his treatment of her sons. There, the district judge summarily sentenced Adams to thirty days in jail, despite the fact that she was provided no due process rights and Texas law did not empower judges to

punish out-of-court contempt without affording the alleged contemnor the assistance of counsel, the right to call witnesses, and the opportunity to present relevant testimony. *Id.* at 296, 298 (citing *Ex parte Ratliff*, 3 S.W.2d 406, 407 (1928)).[2] Regardless, the Court held that the district judge's general jurisdiction to punish contempt was sufficient to show that Judge McIlhany had "some" subject-matter jurisdiction for judicial immunity purposes, and, accordingly, found McIlhany immune. *Id.* at 299. Here, too, we conclude that Osborne's misapplication of the Mississippi special judge statute does not wholly strip him of subject matter jurisdiction.

   2. Littleton

Finally, Appellants claim that Littleton's conduct as special judge is not entitled to judicial immunity, because his appointment was found to be improper, depriving him of subject matter jurisdiction. We conclude that Littleton had sufficient subject matter jurisdiction for immunity purposes. A special judge or similar delegate is entitled to judicial immunity when his actions are "taken in good faith and within the scope of authority granted[.]" *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995); *see also Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981). Here, Littleton was appointed by a general standing order to "possess all powers and perform all the duties of . . . Youth Court Judge in all matters" in which Osborne was unable to serve due to illness or absences, under section 43-21-113. He was also specifically appointed in this case by Judge Osborne. Littleton exercised this authority by presiding over Kemp's assault case until the Mississippi Supreme Court found that his appointment was made in error. Although Littleton's appointment and detention order were later vacated by the Mississippi Supreme Court, it does not follow that he lacked *all* jurisdiction. *See Holloway*, 765 F.2d at 523.

---

[2] Indeed, the Court there noted that summary punishment for constructive contempt is unconstitutional. *Id.* at 299.

Indeed, Mississippi courts have long held that the acts of a de facto judge are valid, whether or not she was properly appointed or qualified for the office. *See, e.g., Nelson v. Mississippi*, 626 So. 2d 121, 125 (Miss. 1993); *Upchurch v. City of Oxford*, 17 So. 2d 204, 205 (Miss. 1944); *Bird v. Mississippi*, 122 So. 539, 540 (Miss. 1929)). In *Nelson v. Mississippi*, the Mississippi Supreme Court considered whether a conviction could be collaterally attacked because the special judge who presided over the case was improperly appointed under the applicable state statute. *Nelson*, 626 So. 2d at 124. The appellant there claimed that the improperly-appointed special judge had no power to act and, accordingly, the plea and sentence should be vacated. *Id.* Refusing to vacate the conviction and sentence, the Mississippi Supreme Court reaffirmed that:

> one who acts pursuant to color of authority, though without legal authority, nevertheless performs valid acts. Any challenge regarding the validity of [the] actor's appointment must be brought against the actor in proceedings contesting the right to office.

*Id.* at 125.

We also find instructive the Mississippi Court of Appeals's analysis in *McDonald v. McDonald*, 850 So. 2d 1182, 1187 (Miss. Ct. App. 2002). There, the Mississippi Supreme Court's Chief Justice appointed a special judge under a statute that the appellant claimed was unconstitutional. *Id.* at 1186.[3] The appellant argued that the special judge was therefore improperly appointed, voiding his subsequent custody order. *Id.* The appellate court deemed the constitutional argument waived, but opined that:

> [E]ven were we to find that there were flaws in the procedure, the appointment was pursuant to law and made Griffin at least a *de facto* judge, whose orders are valid until the issue of authority is properly raised and determined[.]

---

[3] The appellant urged that the Mississippi constitution gives the governor sole authority to appoint a special judge after a recusal. *Id.*

*Id.* at 1187. The court further explained that a de facto officer in Mississippi is:

> one who exercises the powers and discharges the functions of an office, being then in possession of the same under color of authority, but without actual right thereto . . . . It is well settled in this state that acts of a de facto judge are valid, regardless of whether he was properly appointed or qualified or not.

*Id.* (quoting *Crocker v. Sears, Roebuck & Co.*, 346 So. 2d 921, 922-23 (Miss. 1977)) (internal citations and quotation marks omitted).

Since Littleton was empowered generally to act as a youth court judge whenever Osborne declared himself unable to serve under Mississippi Code § 43-21-113 and was specifically ordered to preside over Kemp's case, and because Mississippi law deems the actions of an improperly-appointed special judge valid until the issue of his authority is determined, we conclude that Littleton here did not act with a clear absence of jurisdiction. Despite the fact that his actions were later voided by the Mississippi Supreme Court, Littleton had sufficient subject matter jurisdiction to support judicial immunity.

## IV. Conclusion

Finding that the challenged actions by Osborne and Littleton were judicial in nature and were not taken in the complete absence of subject-matter jurisdiction, we conclude that judicial immunity bars Appellants' suit against them. Accordingly, we AFFIRM the district court's summary judgment order.